### L. E. STROWBRIDGE v. ROY A. WINKLER, d.b.a. BRAINERD REALTY COMPANY.[1]

June 10, 1955.

No. 36,498.

---

[1]Reported in 71 N. W. (2d) 177.

*M. Eleanor Nolan*, for appellant.
*Ryan, Ryan & Ebert*, for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying defendant's alternative motion for judgment notwithstanding the verdict or a new trial.

This action was brought by L. E. Strowbridge against Roy A. Winkler, doing business as Brainerd Realty Company, to recover damages for an alleged breach of contract on the part of defendant. Plaintiff claims that on or about September 29, 1950, he and defendant entered into a contract for the sale and purchase of certain residence property in the village of Baxter wherein defendant, as agent and broker of Mr. and Mrs. Quentin Schultz, would procure a contract for deed from the Schultzes whereby plaintiff could purchase the property for a total consideration of $9,000. It is plaintiff's further contention that the sale and purchase was to include the house as it then was for $6,500 and, in addition thereto, certain improvements to be performed by defendant consisting of a heating plant, a garage floor, a floor in the basement, bathtub and fixtures, interior woodwork, finishing the upstairs in knotty pine, and finishing the interior and woodwork, for a total of $2,000, and the further sum of $500 for work to be done by plaintiff, making a grand total of $9,000. It is plaintiff's position that he agreed to pay that amount in installments as follows: $200 to bind the deal and allow him to take immediate possession; $300 on October 12, 1950; $1,000 on December 1, 1950; and $50 a month beginning November 10, 1950, until a total of $2,000 had been paid. The property was subject to a mortgage of $4,500, and the $2,000 down payment referred to was

to cover the Schultz equity in the property. Plaintiff testified that under the agreement reached between him and defendant he was to obtain a mortgage of $7,000 and, on July 1, 1951, to pay off the $4,500 Schultz mortgage and pay defendant $2,000 for completing the house. He further claims that, in reliance on his alleged agreement with defendant, he paid defendant $200 at the time of the agreement and paid further sums in the total amount of $650.

Plaintiff moved into the premises on October 1, 1950, and said that he performed work and furnished material of the reasonable value of $100. He claims that defendant breached the contract in that the latter failed to procure the contract for deed as promised and also failed and refused to furnish and perform the improvements as contracted. By reason of the alleged breach, plaintiff surrendered possession of the premises on or about April 30, 1951. Plaintiff alleges that defendant still retains the $650 paid to him, and he prayed judgment for $750 to cover that amount plus $100 for labor and material furnished in the improvement of the premises.

Defendant denies that he entered into a contract such as claimed by plaintiff and alleges that he agreed to procure a contract for deed of the Schultz property as agent and broker for Schultz, who was then the owner of the property. It is defendant's claim that this contract for deed was to provide that Schultz would convey the property to plaintiff for a total consideration of $6,500 payable in installments as above referred to; that on or about September 30, 1950, he did procure a contract for deed from Schultz in accordance with the terms and agreements entered into between him and plaintiff; and that by the terms of the agreement all payments made by plaintiff were to be applied on the purchase price of the premises. He further claims that the payments made by plaintiff were so applied, and the record substantiates this. It is defendant's contention that plaintiff entered into possession of the premises and remained therein until April 30, 1951, when the Schultz contract was terminated because plaintiff failed to perform the terms and conditions of the contract and that on March 28, 1951, a notice of cancellation of the Schultz contract was served on plaintiff. He

claims that plaintiff surrendered possession of the Schultz premises pursuant to the notice of cancellation and that all payments made by plaintiff were forfeited by reason of his failure to perform the terms and conditions of the Schultz contract. Defendant denies that he agreed with plaintiff to do and perform the improvements upon the premises and claims the facts to be that plaintiff entered into a subsequent agreement with Brainerd Construction Company for certain improvements on a unit basis and that plaintiff failed to pay for such improvements. These claims on the part of defendant are denied by plaintiff.

Defendant asked for no alternative relief, so the primary issues submitted by the trial court to the jury for determination were: (1) Did plaintiff and defendant enter into a contract as claimed by plaintiff? (2) If so, did defendant breach it? (3) If breached by defendant, what were plaintiff's damages?

The court charged the jury that plaintiff was not entitled to recover unless it found by a preponderance of the evidence that plaintiff had entered into such a contract with defendant as he claims he did; that the contract, if it so existed, was breached by defendant; and that plaintiff was damaged. The jury returned a verdict of $650 for plaintiff. Thereafter defendant moved the trial court for judgment notwithstanding the verdict or in the alternative for a new trial on the grounds (1) that the verdict is not justified by the evidence, is manifestly against the weight of the evidence, and is contrary to law; (2) that the court erred in failing to instruct the jury that if the contract involved were a divisible one plaintiff could not recover; and (3) that the court erred in its instructions as to the measure of damages and failed to instruct the jury that any benefit derived by plaintiff should be deducted from the damages.

■ Considering defendant's first assignment of error, it must be remembered that the action here was to recover damages from defendant upon an alleged breach of contract. Plaintiff asked judgment against defendant for $750, which amount included the $650 which he said he had paid to defendant in accordance with the alleged contract between them and $100 for labor and material claimed to have been furnished by plaintiff in the repair of the resi-

dence property. Defendant asked for no alternative relief, so the primary issue submitted to the jury was whether the contesting parties entered into a contract, whether it was breached, and, if so, what were plaintiff's damages. The jury found for plaintiff, assessing damages at $650. Viewing the evidence in the light most favorable to the prevailing party (plaintiff here) there was sufficient evidence under the facts and circumstances here to sustain the verdict.

■ In connection with defendant's second point raised in his motion to the effect that the court erred in failing to instruct the jury that, if the contract involved were a divisible one, plaintiff could not recover, he argues in his brief that plaintiff's own evidence indicated strongly that he had one contract with Schultz, the owner, and a claimed contract with defendant. We cannot find in the record where any exception was taken by defendant at the close of the charge in connection with failure of the court to instruct the jury with reference to the divisibility of the contract involved. In view of the issues upon which the case was tried and submitted, it is our opinion that there was no reversible error in connection with the point raised under the circumstances here.

■ In his motion for judgment notwithstanding or a new trial, defendant claims that the court erred in its instruction to the jury as to the measure of damages and failed to instruct the jury that any benefits derived by plaintiff should be deducted from the damages found. Commenting on that phase of the case in its memorandum denying defendant's motion, the court said:

"Plaintiff's claims for damages, as limited by the pleadings were two-fold: (A) Return of his payment of $650.00; (B) Refund of $100.00 for improvements made. The Court in instructing the jury gave the general rule of damages resulting from a breach of contract, after outlining the plaintiff's claims, as follows:

" 'It is the law that if one party to a contract fails, neglects or refuses, without lawful excuse to perform his obligation of the contract, then the other party may treat the contract as if it were at an end; and he may recover as damages any loss which he has sustained proximately resulting from such breach.'

"No specific instruction was given as to off-sets resulting from benefits derived by plaintiff from use of the premises. The reason therefor was that none were claimed and none were proved, other than plaintiff's admission of occupancy. In the absence of any evidence, it would be pure speculation as to what the reasonable value for use of the premises would be while the construction as here existed was going on. This state of the record was called to the attention of both counsel before the case was submitted, with a request that they furnish to the Court a requested instruction upon the measure of damages. None was furnished. Upon this state of the record there was no prejudicial error in failing to specifically instruct the jury on benefits arising from use of the premises. While the instruction was not specifically given, the jury could, under the instruction as given, well have applied some value of use against the claimed damages. In rejecting the plaintiff's claim for the improvements made it is not unreasonable to assume that the jury off-set that claim against the value of the use of the premises."

It further appears from an examination of the record that, at the close of the charge, defendant excepted to the court's charge in defining the measure of damages because it did not provide that such damages would be less any benefits derived by plaintiff. After defendant made this exception, the court said:

"Well, the charge in its entirety has included at least in general terms, what defendant here complains of. With respect to the measure of damages I want the record to show that when we recessed at the noon hour I raised the question of damages, as to what the measure of damages was, and that I then afforded counsel an opportunity to furnish to the Court a statement of the measure of damages as they then claimed. None was furnished by either party."

It is apparent from the above, and it is substantiated by the record, that there was no showing made on the part of defendant as to benefits received by plaintiff in connection with the use of the property, even though the matter appears to have been called to the attention of the parties at the noon recess before the case

was finished. Under the circumstances here, we cannot reverse in connection with the damage issue raised in defendant's motion.

■ Defendant set out other assignments of error in his brief with reference to certain instructions on the part of the trial court. Inasmuch as we are limited in our review of the case before us to the matters raised in defendant's motion for judgment notwithstanding the verdict or a new trial, we deem it unnecessary to pass on those assignments. 1 Dunnell, Dig. (3 ed.) § 395.

Affirmed.

