JOHN S. SROGA v. GERALD A. LUND AND ANOTHER,
d.b.a. LUND REALTY COMPANY.

106 N. W. (2d) 913.

January 6, 1961—No. 37,998.

*Holt & Prescott,* for appellants.
*Erickson, Popham, Haik & Schnobrich,* for respondent.

KNUTSON, JUSTICE.

This is an appeal from an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial and from a judgment entered pursuant to the verdict of a jury.

Prior to November 1956, plaintiff was an operator as a lessee of a gasoline service station at 3300 Stinson Boulevard in Minneapolis.

Defendant Arnold W. Lund is licensed to sell both real estate and insurance. Defendant Gerald A. Lund, who is a son of Arnold, was employed by his father. He solicited insurance business but was not licensed as an insurance agent.

Plaintiff carried fire insurance on the contents of the station which he operated in the amount of $2,000 with another agency operated by one James King. In October 1956 plaintiff transferred some of his insurance business to the Lund agency as a result of solicitation by Gerald A. Lund. In November 1956 plaintiff lost his lease on the premises from which he had been operating and went out of business. The insurance coverage he had on the station was subsequently canceled.

In January 1957 plaintiff went back into business as the operator of a gasoline station at 2700 Kenzie Terrace in Minneapolis, which he also operated as a lessee. This business was larger than the one he had formerly operated. The dispute here arises out of a call made on January 26 or 27, 1957, by defendant Gerald A. Lund at plaintiff's new filling station. Plaintiff testified that at that time he asked Gerald to procure for him complete insurance coverage and that Gerald agreed to do so. This is disputed by Gerald, who testified that, although he agreed to obtain some insurance, he did not make any agreement to procure complete coverage. He did admit that complete coverage would include fire insurance. It is undisputed that as a result of this call defendants issued policies of insurance covering burglary and theft; workmen's compensation; garage liability; and collision, fire, and theft on vehicles used in the business.

On November 20, 1957, a fire occurred at plaintiff's place of business, and the station and the stock and equipment therein were damaged considerably. Although denied by Gerald A. Lund, there is testimony which could be accepted by the jury to the effect that Gerald arrived at the station after the fire and informed plaintiff that everything would be taken care of. Gerald subsequently told his father about the fire, and, after some investigation, Arnold called plaintiff's wife and disclosed to her that it was doubtful whether the station was covered by fire insurance. It developed that there was no fire insurance on the stock or equipment.

Suit was commenced by plaintiff, apparently on the alternative theory that a contract was entered into between plaintiff and defendants that they would completely cover his station with insurance, including fire insurance, or that defendants were negligent in failing to obtain such coverage. The case was submitted to the jury solely on the theory of a breach of contract, and the jury returned a verdict for plaintiff. Defendants assign three errors in this appeal, namely: (1) That the court erred in charging the jury that "There is no claim by the defendants that complete coverage would not include coverage for the loss of contents of the station by fire"; (2) that the court erred in instructing the jury "I instruct you that in this case there is no claim made of any contributory negligence on the part of Mr. Sroga, so there is no question of contributory negligence to be considered by you"; and (3) that the court erred in admitting evidence as to the damages sustained by plaintiff.

■ With respect to the first assignment of error, all that need be said is that defendants took no exception to the court's charge, nor was it assigned as a ground for a new trial. It is too late to raise such error now for the first time on appeal.[1]

■ Defendants' next assignment of error is based on the assumption that the case was tried on the theory of negligence. Defendants did not plead contributory negligence, nor was the issue tried by consent. No request was made to submit contributory negligence to the jury. The case was submitted by the court solely on the theory of a breach of contract. Defendants did take exception to the cautionary instruction of the court, but neither at that time nor at any other time did defendants, by request for instructions or otherwise, ask to have the case submitted to the jury on the theory of negligence. The entire cautionary instruction given by the trial court was as follows:

"I might say that, as long as some of you have served on other juries, I don't know what classifications there were, but there may have been some matters of contributory negligence entered into that other case, and for that reason I instruct you that in this case there is

[1]Starks v. Starks, 220 Minn. 313, 19 N. W. (2d) 741; Strowbridge v. Winkler, 245 Minn. 97, 71 N. W. (2d) 177; 1 Dunnell, Dig. (3 ed.) § 358a.

no claim made of any contributory negligence on the part of Mr. Sroga, so there is no question of contributory negligence to be considered by you."

Under the circumstances, the giving of this cautionary instruction was a matter that rested almost entirely in the discretion of the trial court. We fail to see how there could have been any prejudice in so doing.

■ The only other error assigned relates to the claim now made that evidence of the amount of damages was improperly admitted and that this resulted in a surprise which defendants were unable to meet. The claim is based on these facts: Interrogatories were served on plaintiff on May 15, 1959; on July 30, 1959, defendants' counsel requested, by letter, that the interrogatories be answered; on September 29, 1959, defendants made a motion for judgment based on plaintiff's failure to answer the interrogatories, which the court did not pass upon; on October 16, 1959, a copy of an inventory of plaintiff's stock and equipment was delivered to defendants; and on October 19, 1959, a formally executed copy of answers to the interrogatories was served on defendants. The case came on for trial on October 22, 1959.

No motion or request was made for a continuance at the commencement of the trial, nor was any indication given to the trial court at that time that defendants were unprepared, because of the failure of plaintiff to answer the interrogatories, to meet the claim of damages. The complaint demanded damages in the sum of $8,500, so from the time it was served on April 11, 1958, defendants were apprised of the fact that the damage claimed was substantial. This was also apparent from the inventory served on defendants. There is little excuse for the long delay in answering the interrogatories. Whether such failure resulted in such surprise that defendants were deprived of a fair trial is something that rests largely in the discretion of the trial court. If defendants had requested a continuance in order to enable them to make a proper investigation, the trial court undoubtedly would have granted it. Having gone to trial without so doing, they cannot now complain of the result on that account. A litigant should not speculate on a favorable verdict if surprised, and, if he does so, he should not thereafter be heard to complain of the result.[2] While we

---

[2]Valencia v. Markham Co-op. Assn. 210 Minn. 221, 297 N. W. 736.

do not condone the dilatory tactics of plaintiff in failing to answer the interrogatories promptly, determination of whether harm was done or whether there was genuine surprise which left defendants in a position where they could not have a fair trial must be left to the sound discretion of the trial court.

This case involves substantially nothing but a question of fact. The jury was at liberty to accept the plaintiff's version of the transaction or that of defendants. The jury having given credence to the testimony of plaintiff and discarded that of defendants, there is little that can be accomplished by an appeal. We find no reversible error.

Affirmed.