461 P.2d 514

**Linda Ruth WILSON and Eddie L. Wilson, her husband, Appellants,**

v.

**Ralph W. SERENO and Alice Sereno, husband and wife, Appellees.**

**No. 2 CA–CIV 611.**

Court of Appeals of Arizona.

Division 2.

Dec. 2, 1969.

Rehearing Denied Jan. 15, 1970.

Review Denied Feb. 24, 1970.

Claborne & Severyn, by John L. Claborne, Tucson, for appellants.

Rees, Estes & Browning, by Paul G. Rees, Jr., Tucson, for appellees.

KRUCKER, Chief Judge.

Plaintiffs-appellees, Ralph W. and Alice Sereno, sued defendants, Linda Ruth and Eddie L. Wilson, to recover damages for injuries sustained as the result of Mrs. Wilson's negligent operation of an automobile in Tucson in January, 1966. The case was tried to a jury which returned a verdict for plaintiffs, and judgment was entered awarding plaintiffs $30,000, plus costs. Defendants' motion for a new trial was denied, and they appeal from the judgment and denial of a new trial.

Construing the facts in a light most favorable to sustaining the judgment, they are as follows. Ralph Sereno was traveling south on Country Club Road in a 1948 Chevrolet pickup truck at about 11:00 a. m. when he reached the Benson Highway intersection in Pima County. He proceeded across the highway toward the divider and made a "Hollywood stop," i. e., slowed down almost to a stop, shifted gears, and proceeded ahead. He was struck broadside by a car driven by defendant Linda Wilson. He sustained head injuries, a smashed right

leg, broken ribs, an injured pelvis, and injury to his back, neck and shoulders. His ability to continue his employment as a construction worker was impaired.

Mrs. Wilson, and the only eye-witness, Mr. Ike Hays Parten, a motorist driving several yards behind Mrs. Wilson testified that Mrs. Wilson was heading east at about 50 miles per hour. Plaintiff appeared to stop at the divider before proceeding south when suddenly he shot out in front of her car, forcing Mrs. Wilson to brake and swerve to the right. Nevertheless, she hit the Sereno truck broadside.

Defendants' appeal makes the following allegations of error:

(1) The trial court erred in giving the "Last Clear Chance" instruction.

(2) The trial court erred in refusing to give the "Sudden Emergency" instruction.

Defendants maintain that the evidence at trial did not support a last clear chance instruction, and therefore its use was reversible error. In particular, they claim there was a complete lack of evidence as to two of the required elements of the doctrine: (1) that defendant appreciated plaintiff was unaware of the perilous situation, and (2) that defendant had a clear opportunity to avoid the accident.

■ The last clear chance doctrine is designed to determine whether negligence of plaintiff or defendant was proximate cause of the accident. Sheehy v. Murphy, 93 Ariz. 297, 380 P.2d 152 (1963). Conceptually, it is a defense to defendants' allegation of the contributory negligence of plaintiff. Alires v. Southern Pacific Company, 93 Ariz. 97, 378 P.2d 913 (1963); Comment, 4 Ariz.L.Rev. 72 (1962).

■ We do not believe that there was sufficient evidence to warrant giving the instruction in this case. Plaintiff proceeded across the highway to the median and appeared to both defendant and the eyewitness to slow down and nearly stop. Plaintiff testified that nothing was wrong with his truck, but that he fully intended to, and in fact did, proceed across the highway. It was not until plaintiff was immediately in front of defendant that any peril existed, and then it was too late for defendant to do more than she did, which was to apply her brakes and swerve. At no time did defendant have any last clear chance to avoid the accident.

■ The instruction not being supported by the record, reversible error was committed. Salinas v. Kahn, 2 Ariz.App. 181, 407 P.2d 120 (1965); Lutfy v. Lockhart, 37 Ariz. 488, 295 P. 975 (1931).

There are two basic contentions advanced by defendants in regard to the sudden emergency instruction. First, they maintain that such an instruction was supported by the evidence. Second, they maintain that the trial court erred in requiring them to accept a last sentence amendment to their proposed instruction because their instruction was complete under Gilbert v. Quinet, 91 Ariz. 29, 369 P.2d 267 (1962).

We consider the merits of defendants' allegations since the question may arise on retrial.

■ We believe the Arizona, and majority, rule is that if the evidence presents the elements of the requested instruction, it will be allowed regardless of whether contradictory facts are also presented. Webb v. Hardin, 53 Ariz. 310, 89 P.2d 30 (1939); Annot., 80 A.L.R.2d 5. In the instant case, the trial court believed sufficient evidence was presented to warrant a sudden emergency instruction and we agree. Both defendant Linda Wilson and the eyewitness testified she was approaching the intersection and the truck appeared to be stopped when it suddenly lurched forward. Defendant testified she had slowed down upon seeing the truck but believed he would not proceed across her path.

■ The major contention of defendants is that while the trial judge agreed the facts supported the giving of an emergency instruction, he unjustifiably refused defendants' version. In particular, they disagreed as to what Gilbert v. Quintet, supra, re-

quires. There, a personal injury action involved a bus striking a six-year-old child who had wandered into the street. Defendant requested the following instruction and it was granted:

"I charge you that where one, *without negligence of his own,* is confronted with a sudden peril or sudden emergency, the same degree of judgment and care is not required of him as is required of one acting under normal conditions. * * *

"If you find * * * the bus driver was *without fault* and was confronted with a sudden peril or sudden emergency and while in such situation he did, or attempted to do, what a reasonably prudent bus driver would have done under the same or similar circumstances, then he was not negligent. * * *" (Emphasis in original)

The Arizona Supreme Court, on reviewing defendant's contention that an additional sentence should have been added, and the one the trial court here required said:

"The plaintiff requested that this instruction be modified to add to it the statement that if the defendant driver himself created the emergency than [sic] the sudden emergency rule is not available. The trial court refused this request, stating that the modification was expressed in phrases italicized above. *While this was not prejudicial error, we feel that the qualification should be clearly conveyed to the jury by a more complete instruction.* Cf. Western Truck Lines, Ltd. v. Berry, [52 Ariz. 38, 78 P. 2d 997 (1938)]." (Emphasis added)

The Court cites the better instruction as that in *Western Truck,* supra:

"I therefore instruct you that if a motor vehicle driver himself created the sudden emergency or brought about the perilous situation through his own negligence, he cannot avoid liability for an injury merely on the ground that his acts were done in the stress of a sudden emergency. He cannot shield himself behind an emergency created by his own negligence if such be the proof." 52 Ariz. at 47, 78 P.2d at 1001.

The instruction presented in the instant case was the following:

"A person who, without negligence on his part is suddenly and unexpectedly confronted with peril arising from either the actual presence or the appearance of imminent danger to himself or to others, is not expected nor required to use the same judgment and prudence that is required of him in the exercise of ordinary care in calmer or more deliberate moments. His duty is to exercise only the care that an ordinarily prudent person would exercise in the same situation. If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any ordinarily prudent person under the same circumstances, he does all the law requires of him, although in the light of after events, it should appear that a different course would have been better and safer.

"*I further instruct you that if a motor vehicle driver himself created the sudden emergency or brought about the perilous situation through his own negligence, he cannot avoid liability for an injury merely on the ground that his acts were done in the stress of a sudden emergency.*"

The instruction presented omitted the last sentence of the *Western Truck* instruction, but came closer to it than the one given in *Gilbert,* which the court found acceptable.

We believe the trial court erred in finding defendants' instruction unacceptable, but find the trial court's suggested instruction was equally correct, and defense counsel's objection to the last sentence was not justified.

Judgment reversed.

HATHAWAY and HOWARD, JJ., concur.