CHAMBERS *v.* ST. JOHN

NEGLIGENCE—VIOLATION OF STATUTE—NEGLIGENCE PER SE—AUTOMO-
BILES.

Negligence as a matter of law resulted from the violation of
a statute, where a driver of an automobile after stopping
at a stop sign failed to yield the right of way to another
vehicle which had entered the intersection from another high-
way (MCLA § 257.649).

Appeal from Genesee, Stewart E. Newblatt, J.
Submitted Division 2 December 3, 1969, at Lansing.
(Docket No. 6,391.)    Decided December 8, 1969.

Complaint by John Chambers against Charles E.
St. John and Sue Ann Henderson for damages re-
sulting from an automobile accident.    Plaintiff
moved for summary judgment.    Partial summary
judgment for plaintiff finding defendants negligent
as a matter of law.    Defendants appeal.    Affirmed.

*Pelavin & Pelavin* (*Edward H. Powers,* of coun-
sel), for plaintiff.

*Gault, Davison & Bowers,* for defendants.

Before:    FITZGERALD, P. J., and BRONSON and
T. M. BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
8 Am Jur 2d, Automobiles & Highway Traffic §§ 748, 750, 751.

Per Curiam. This appeal is taken on leave granted from a partial summary judgment finding the defendants negligent as a matter of law in an action for damages resulting from an automobile collision on Fifth avenue and Chippewa street in the city of Flint. The plaintiff, John Chambers, was proceeding in an easterly direction on Fifth avenue in the city of Flint. Fifth avenue is a four-lane, two-way street with a 25-mile-per-hour speed limit. Chippewa street is a one-way, northbound street consisting of two lanes, with a stop sign at Fifth avenue. Defendant had brought his car to a halt at the stop sign on Chippewa and Fifth avenue.

Plaintiff testified that a truck had come to a stop just west of Chippewa in the outside lane of Fifth avenue when the plaintiff was approximately two car lengths behind him and occupying the inside or passing lane. It appears that the truck had partially blocked Chippewa street and the vision of both plaintiff and defendant had been obstructed. The truck then backed up to make an entrance from Chippewa onto Fifth avenue. Defendant proceeded slowly into the intersection with the intention of turning west on Fifth avenue, and when the front of his car had gone far enough beyond the truck so that he could see to the left, the front end of defendants' vehicle struck the right front fender of plaintiff's automobile.

Plaintiff moved for summary judgment, requesting that the court find defendant negligent as a matter of law. The trial court held that "defendant was manifestly and without factual dispute guilty of negligence in violating" MCLA § 257.649 subd (f) (Stat Ann 1968 Rev § 9.2349 subd [f]).[1] The court

<hr>

1 "Except when directed to proceed by a police officer, the driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the crosswalk on the near side of the intersection, or if there is no crosswalk shall stop at a clearly marked

then entered a partial summary judgment on plaintiff's motion and ruled that the case should proceed to trial on the issues of plaintiff's contributory negligence and damages.

The question with which we are primarily concerned is whether the trial court erred in finding defendant negligent as a matter of law and entering a summary judgment on plaintiff's motion. More precisely, the court is being asked to change the existing rule that a violation of a statute results in negligence *per se* to a rule which would make vehicle code violations evidentiary, to be considered with all other facts and circumstances in determining ultimate liability.

Defendant contends that the facts and circumstances in the instant case are such that the minds of reasonable men could differ as to his negligence, and therefore it was a question for a jury to determine.

Altering established rules of law is something which should not be done for the sake of change alone. The law, though not perfect and not always buttressed by reason and logic, nonetheless mirrors the needs of society and reflects and encompasses the vast experience of those responsible for its formulation.

As a practical matter, the negligence *per se* rule seems increasingly necessary, in view of the greater number of automobiles on the roads today and the spiraling trend in death and injury which is attributed thereto. The rule with which we are faced

---

stop line, or if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway. After having stopped, the driver shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on the highway as to constitute an immediate hazard during the time when the driver would be moving across or within the intersection."

places the burden where it should rightly be, on those who violate the law.

In *Holmes* v. *Merson* (1938), 285 Mich 136, the Court stated:

"While in some cases involving the statute the violation has been spoken of as 'evidence of negligence', we think there has been no intention to depart from the rule that a violation of a statute imposed under the police power of the state is negligence *per se.*"

The aforementioned case was recently cited and the rule applied by this Court in *Krzeminski* v. *Chuslo* (1966), 4 Mich App 310. See, also, *Wells* v. *Oliver* (1938), 283 Mich 168; *Ashworth* v. *City of Detroit* (1940), 293 Mich 397; and *Francis* v. *Rumsey* (1942), 303 Mich 526.

These cases clearly established that the prevailing rule has been and still is that negligence as a matter of law results from a violation of the statute. The Court is not persuaded to rule otherwise. Other matters raised need not be considered.

Affirmed as to partial summary judgment and remanded for further proceedings in accordance with this opinion. Costs to appellee.