BUCHANAN *v.* COCKRILL

NEGLIGENCE—STATUTES—VIOLATION—NEGLIGENCE PER SE.

Violation of the statute requiring an automobile driver who has
stopped at a stop sign at a highway intersection to yield the
right-of-way to a vehicle approaching so closely on the high-
way as to constitute an immediate hazard is negligence *per se*
(MCLA § 257.649).

Appeal from Genesee, John W. Baker, J.  Sub-
mitted Division 2 April 13, 1970, at Lansing.  (Dock-
et No. 7,051.)  Decided April 28, 1970.  Submitted
on rehearing *sua sponte* on May 27, 1970, at Lansing.
Decided on rehearing July 1, 1970.  Leave to appeal
granted October 19, 1970.  384 Mich 768.

Complaint by Lola Buchanan against James E.
Cockrill for automobile negligence.  Directed verdict
for defendant.  Plaintiff appeals.  Affirmed on re-
hearing.

*Norman N. Gottlieb,* for plaintiff.

*Gault, Davison & Bowers* (*Guy H. Hill,* of coun-
sel), for defendant.

REFERENCES FOR POINTS IN HEADNOTES

7 Am Jur 2d, Automobiles and Highway Traffic § 213.
8 Am Jur 2d, Automobiles and Highway Traffic § 751.
Liability for automobile accident at intersection as affected by
reliance upon or disregard of unchanging stop signal or sign,
3 ALR3d 180.

Before: R. B. Burns, P. J., and Fitzgerald and
Van Domelen,* JJ.

## On Rehearing

Per Curiam. Lola Buchanan, plaintiff in the in-
stant case, appeals from a judgment entered on a
directed verdict. The initial action was commenced
as a result of personal injuries sustained by plain-
tiff when her car was struck by the defendant's auto-
mobile at the intersection of Dye Road and Miller
Road in Flint Township.

Miller Road is a four-lane highway with a three-or
four-foot island dividing two eastbound from two
westbound lanes. It is a through highway with
a posted speed limit of 50 miles per hour. Dye Road
runs north and south, has a gravel surface, and is
controlled by a stop sign at its intersection with Mil-
ler Road.

At the time of the accident, weather conditions
were variously described as "bad" to "terrible". It
was snowing and sleeting and the wind had been
blowing. The snow had been creating a slick condi-
tion upon road surfaces. The sky was overcast, and
visibility was impaired considerably.

Testimony elicited during the trial indicates that
plaintiff was northbound on Dye Road and had
stopped for eastbound traffic on Miller Road for
approximately ten minutes while she observed traffic
and determined that it was safe to proceed through
the intersection. At approximately the same time,
defendant's automobile overtook other eastbound
traffic which was moving at about 20 miles per hour.
It was also alleged that defendant was traveling at
about twice the speed of the cars he was overtaking.
After passing an automobile on his left which was

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

driven by one of the witnesses, defendant pulled in front of it, thus placing him back on the inside lane. Plaintiff noticed defendant's vehicle for the first time when it was two or three car-lengths away. At this point, the front end of the Buchanan vehicle was well into the lane in which defendant's automobile was then traveling. Defendant applied his brakes and went into a skid, whereupon he slid into plaintiff's car which was then almost in the middle of Miller Road.

Upon completion of plaintiff's proofs, defendant was granted a directed verdict based on an alleged failure to show negligence as well as plaintiff's own contributory negligence. Plaintiff filed an appeal as of right and in April, 1970, oral arguments were heard by this Court. On May 27, 1970, the Court *sua sponte* ordered that a rehearing of the matter be held.

The primary question with which the Court is faced is whether the trial court erred in granting defendant's motion for a directed verdict of no cause of action. Specifically, we must determine whether plaintiff was negligent as a matter of law in failing to yield the right-of-way to defendant.

The applicable statute, MCLA § 257.649 (Stat Ann 1968 Rev § 9.2349), which concerns right-of-way and stop signs, states in part:

"(f)  *  *  * after having stopped, the driver shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on the highway as to constitute an immediate hazard during the time when the driver would be moving across or within the intersection."

A complete review of the record in the present case reveals that the facts are such that our previous

decision in *Chambers* v. *St. John* (1969), 20 Mich App 533, is directly applicable and controlling. The *Chambers* case, involving the same statute, held that "the prevailing rule has been and still is that negligence as a matter of law results from a violation of the statute". See, also, cases cited therein.

The decision of the trial court is therefore affirmed on rehearing in this Court. Costs to appellees.