FREDRICKSON v. KOOL

1. Appeal and Error—Scope of Review—Inferences of Fact.
   An appellate court may draw inferences of fact from the trial court record (GCR 1963, 820.1[6]).

2. Automobiles—Negligence—Common-Law Negligence.
   Defendant was guilty of common-law negligence where the record showed that the defendant was driving while there was no visibility, was suddenly blown by a gust of wind and swirling snow, and collided with plaintiff in the plaintiff's lane of traffic because an inference can be drawn that the defendant could have prevented his car from going into plaintiff's lane of traffic.

3. Automobiles — Negligence — Negligence Per Se — Statutes — Proper Driving Lane.
   Defendant in an automobile negligence case will be guilty of negligence *per se* if from the facts presented the statute dealing with proper driving lanes was necessarily violated in order for the accident to have occurred (MCLA § 257.642).

Appeal from Ottawa, Chester A. Ray, J. Submitted Division 3 December 10, 1970, at Grand Rapids. (Docket No. 5601.) Decided February 22, 1971. Leave to appeal denied July 9, 1971, 385 Mich 762.

---

References for Points in Headnotes

[1] 4 Am Jur 2d, Appeal and Error § 2.
5 Am Jur 2d, Appeal and Error § 834.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 725, 732, 761.
Liability for motor vehicle accident where vision of driver is obscured by smoke, dust, atmospheric condition, or unclean windshield. 42 ALR2d 13.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic § 761.
38 Am Jur, Negligence §§ 158–170, 180.

Complaint by Dorothy V. Fredrickson and Detroit Automobile Inter-Insurance Exchange against Louis and Thomas Kool for automobile negligence. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Mika, Meyers, Beckett & Jones,* for plaintiffs.

*White, Spaniola, Knudsen & Stariha,* for defendants.

Before: FITZGERALD, P. J., and QUINN and MC-INTYRE,* JJ.

PER CURIAM. This automobile negligence case was tried before the court without a jury. Plaintiff Dorothy Fredrickson was driving south in the west lane of highway M-40. Defendant Thomas Kool was driving north in the east lane, 150 to 200 feet behind a truck proceeding in the same direction. Snowing and blowing caused a swirling of the snow to the extent that at times vision was obscured. The cars collided in the lane properly assigned to Dorothy Fredrickson, and the plaintiffs alleged negligence on the part of defendant Thomas Kool and asked for recovery of damages for injuries and loss of the motor vehicle. The trial court found for the plaintiffs and the defendants appealed.

The sole question on appeal is whether the trial judge recited findings of fact in his opinion (GCR 1963, 517.1) sufficient to justify his conclusion that defendant Thomas Kool was negligent.

Defendants contend that the trial court failed to find any specific acts of negligence and that to conclude upon strict liability theory that defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Thomas Kool was negligent for being in the wrong lane through no fault of his own constituted reversible error.

The trial judge's findings and opinion delivered from the bench prior to taking testimony concerning damages are adequately illustrated in the following quotation from the opinion.

"Now, the circumstances immediately preceding this accident are these: suddenly there was no visibility, and I am going to accept Mr. Kool's version that he was from 150 to 200 feet behind this truck, which was a safe distance, but there was no visibility, and suddenly there was a gust of wind and that not only hit these vehicles, but carried with it a great deal of swirling snow, and it is conceivable to this court, in searching from where the   *   *   * facts are, that this gust of wind was sufficiently great at this point, and well aware that the court is of the prairie nature of that terrain, might have been sufficiently great that compensation, coupled with lack of visibility was insufficient and the Chevrolet carried over into the other lane. This same gust of wind, if the theories are sound and if we believe from all the evidence, it is the Volkswagen, instead of going to the east side, would have been going to the west as it came out from behind the truck because it had 150 to 200 feet to do it and would have been blown west.

"So, when you drive in the opposite lane, whether you intended to or whether you didn't intend to, or whether you do it when you can't see, is negligence under the law of this State, when somebody else is in the opposite lane and lawfully has a right to be there.

"So, as a result, the court finds that Thomas Kool was guilty of negligence at the time and place in operating his motor vehicle and that Dorothy V. Fredrickson was free from any negligence that con-

tributed to the collision and that Thomas Kool's negligence was the proximate cause of it."

This Court may draw inferences of fact from the record (GCR 1963, 820.1[6]), and an inference immediately arises that defendant Thomas Kool, being blinded by snow, may have taken some action to prevent his vehicle from proceeding into the west lane of traffic, thus avoiding the collision. The excerpt from the opinion of the trial judge and this inference constitute a sufficient basis for the finding that defendant Thomas Kool, under the rules of common-law negligence, was indeed negligent.

Elsewhere in the record appears evidence that the debris from the collision was lying in the west lane of the highway assigned to Dorothy Fredrickson. There appears to be no serious dispute that at the time of the incident, defendant Thomas Kool was in the wrong lane of traffic. MCLA § 257.642 (Stat Ann 1968 Rev § 9.2342), states:

"Whenever any roadway has been divided into 2 or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply:

"(a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."

From the facts presented, defendant Thomas Kool did violate the statute in order to have collided with the plaintiffs' vehicle and was also, therefore, guilty of negligence *per se*. *Holmes* v. *Merson* (1938), 285 Mich 136; *Birkhill* v. *Todd* (1969), 20 Mich App 356, 361; *Chambers* v. *St. John* (1969), 20 Mich App 533, 536; see *Krzeminski* v. *Chuslo* (1966), 4 Mich App

310, 314; *Buchanan* v. *Cockrill* (1970), 23 Mich App 405.

We conclude that a fair reading of the portion of the opinion of the court quoted above compels a ruling that the trial judge satisfied the requirements of GCR 1963, 517.1, and that his factual recitations justified a finding that the defendant was negligent both under the common-law definition and by reason of statutory violation.

Affirmed, costs to the plaintiffs.