# RAMONA C. BINIEK JACOBOSKI AND ANOTHER v. JUDITH FREISLEBEN PRAX AND ANOTHER.

187 N. W. (2d) 125.

May 7, 1971—No. 42097.

*Daniel G. Jacobowski, Lais, Jacobowski & Bannigan, Robert E. Kenney,* and *Mansur, Mansur & Mansur,* for appellants.

*Thomas M. Conlin* and *Murnane, Murnane, Battis, deLambert & Conlin,* for respondents.

Heard before Knutson, C. J., and Murphy, Rogosheske, Kelly, and Odden, JJ.

DONALD C. ODDEN, JUSTICE.*

This is an appeal from an order of the district court denying plaintiffs' alternative motion for judgment notwithstanding the jury verdict or a new trial.

Plaintiffs' motion was based on two grounds: (1) The verdict was not justified by the evidence; (2) the trial court should have granted plaintiffs' motion for a directed verdict at the close of the testimony.

Plaintiffs' cause of action arises out of an accident occurring September 25, 1962, wherein plaintiff Ramona Biniek Jacoboski was seriously injured when she fell from the fender of an automobile driven by defendant Judith Freisleben Prax.

At the time of the accident Ramona was 17 and Judith was about 18 years of age. They were teen-age friends and on the evening of the accident were out pleasure riding in Judith's car. In the course of the ride they parked near the top of a slight hill on a residential street in St. Paul and then walked around the block to pass by the home of Judith's boyfriend to "spy" on him. However, when they saw someone near his home, they ran back to the car. Ramona climbed up on the right fender while Judith unlocked the left front door and entered the car. She started the motor, put the car in gear, and reached over to unlock the right front door for Ramona. In doing so, she somehow bumped or stepped on the accelerator and the car started to move down the

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

hill with Ramona still on the fender. Ramona claims, "I tried to jump at one point. That's when the car started going, but I couldn't move. * * * I was like as if I was froze." As the car proceeded down the hill, Judith has no recollection of stepping on the brake or steering; and although she knew Ramona was outside the car on the fender, she has no recollection of Ramona's falling off. She does, however, recall the car coming to a stop in a ditch approximately 1 block away and looking back and seeing Ramona lying on the street.

At the close of the testimony, both sides moved for a directed verdict. The motions were denied. The court instructed the jury on negligence, contributory negligence, and assumption of risk, and on request of plaintiffs gave instructions on the "discovered peril" and the "emergency rule-imminent peril" doctrines (Minnesota Jury Instruction Guides, Instructions 126 and 110).

Since the case was tried prior to the enactment and effective date of the comparative negligence law, it was submitted to the jury in general verdict form, and the jury returned a general verdict for defendants.

Plaintiffs argue on appeal that defendant Judith Prax was negligent as a matter of law; that plaintiff Ramona Jacoboski was completely free of any contributory negligence and assumption of risk as a matter of law; and that the trial court seriously erred in refusing to direct a verdict or grant judgment notwithstanding the verdict. We do not agree.

A motion for a directed verdict at the end of the plaintiff's case or at the end of all of the evidence presents only a question of law to the trial court. Wm. Mueller & Sons v. Chanhassen Redi Mix, 273 Minn. 214, 140 N. W. (2d) 326. The criteria to be considered upon a motion for a directed verdict are the same regardless of when the motion is made. The same criteria are also considered upon a motion for judgment notwithstanding the verdict. Each motion presents a question of law regarding the sufficiency of the evidence to present a fact question for the jury to decide. If there is a fact question presented for jury decision under all

of the evidence and the applicable law, the motion should be denied. In Lovejoy v. Minneapolis-Moline Power Imp. Co. 248 Minn. 319, 325, 79 N. W. (2d) 688, 693, this court expressed the test for granting a motion for a directed verdict as follows:

"* * * [I]t is elementary that a motion for a directed verdict—

" '* * * accepts the view of the *entire* evidence most favorable to the adverse party and admits the credibility (except in extreme cases) of the evidence in his favor and all reasonable inferences to be drawn therefrom,' and such motion 'should be granted only in those unequivocal cases where (1) *in the light of the evidence as a whole,* it would clearly be the duty of the trial court to set aside a contrary verdict as being manifestly against the *entire* evidence, or where (2) it would be contrary to the law applicable to the case.' "

See, also, Danielson v. St. Paul Fire & Marine Ins. Co. 256 Minn. 283, 98 N. W. (2d) 72, 93 A. L. R. (2d) 137; Lee v. Smith, 253 Minn. 401, 92 N. W. (2d) 117; Kennedy v. Caudell, 277 Minn. 35, 151 N. W. (2d) 407; Downey v. Frey, 269 Minn. 66, 130 N. W. (2d) 349; Petron v. Waldo, 272 Minn. 513, 139 N. W. (2d) 484.

We believe that whether Ramona acted as a reasonable, prudent person would have acted under the same or similar circumstances when the car started to move presented a real question of fact for jury determination. If she had jumped from the fender at that time, it is reasonable to believe she more than likely would have saved herself from injury. She testified, "I tried to jump * * * but I couldn't move." She also said, "I wasn't entangled with anything. I tried to jump, and I was like as if I was froze." It thus appears that Ramona made an error in judgment, but whether a reasonable, prudent person would have made the same error under the same or similar circumstances and whether that error contributed proximately to her injuries were jury questions.

Plaintiffs claim that even if it could arguably be shown that Ramona was negligent in some manner, under the "discovered peril" doctrine she would be relieved of such contributory negligence. To substantiate this position, they cite Turenne v. Smith, 215 Minn. 64, 9 N. W. (2d) 409. In that case a 14-year-old boy, helping on a garbage truck, stepped onto the running board and told the driver to proceed along a snow-filled alley. The driver complied, and after traveling a short distance in this manner the boy fell off and the dual rear wheels passed over him, resulting in serious injuries from which he later died. We held in that case (215 Minn. 68, 9 N. W. [2d] 411):

"* * * Whether under those circumstances defendant exercised ordinary care by moving the truck without insisting that Wilfred either get into the cab or off the step was a question of fact properly submitted to the jury. The rule in this state is that when a person is discovered in a position of peril, notwithstanding his negligence in so placing himself, it is the duty of one having control of the situation to exercise ordinary care not to do anything that activates the impending danger or puts in motion the instrumentality from which the peril impends. As more clearly stated by Mr. Justice Mitchell in Fonda v. St. Paul City Ry. Co. 71 Minn. 438, 451, 74 N. W. 166, 170, 70 A. S. R. 341:

" 'It is sometimes said that the plaintiff may be entitled to recover if the defendant might, by the exercise of care, have avoided the consequences of the plaintiff's negligence. But this doctrine is only applicable to cases in which the plaintiff's negligence *preceded* that of the defendant. But when the negligence of the two persons is contemporaneous, and the fault of each operates directly to cause the injury, neither can recover from the other.' " (Italics supplied.)

Thus, under the discovered-peril doctrine, this court has often held that a plaintiff may recover damages for harm caused to him while in a position of peril, notwithstanding that he is in that position as a result of his own *prior* negligence, if the person causing the harm actually knew that the person harmed was in

such a position and had sufficient time and ability to avert the harm but failed to use due care to do so. Brannan v. Shertzer, 242 Minn. 277, 64 N. W. (2d) 755; Bryant v. N. P. Ry. Co. 221 Minn. 577, 23 N. W. (2d) 174; Turenne v. Smith, *supra.* The discovered-peril doctrine has often been referred to throughout our opinions as the doctrine of wilful and wanton negligence. Application of the doctrine does not require a showing of malice, actual intent to injure the person, or even negligence of a grosser degree than lack of ordinary care. Anderson v. Minneapolis, St. P. & S. S. M. Ry. Co. 103 Minn. 224, 114 N. W. 1123. However, it is clear that to invoke the doctrine, it must be shown that the negligence of the party harmed *preceded* that of the party causing the harm and the latter had knowledge of the perilous situation. Brannan v. Shertzer, *supra;* Fonda v. St. Paul City Ry. Co. 71 Minn. 438, 74 N. W. 166.

Thus, the case before us is obviously distinguishable from Turenne v. Smith, *supra,* and from those cases wherein the doctrine has generally been applied. In this case, Ramona's negligence, if any, did not precede Judith's. When Ramona placed herself on the fender of the automobile, she did not intend to remain there. She was only waiting until Judith unlocked the door. Neither of them anticipated that the car would proceed down the hill, out of control, with Ramona in this perilous position. It is inconceivable to believe that to place one's self on the fender of a car would be, in and of itself, negligence per se.

We do, however, believe that the actions of a driver of a parked automobile who reaches over to unlock the opposite door while the motor is running and in gear and who then bumps or steps on the accelerator, causing the automobile to proceed uncontrolled down the street, may be negligent per se.

Thus, if the jury found as a fact that Ramona was guilty of contributory negligence when she failed to jump from the fender as the car started to move, then the negligence of both Ramona and Judith was contemporaneous, the fault of each operated di-

rectly to cause the injuries complained of, and thus the doctrine does not apply.

Plaintiffs contend that Judith was guilty of negligence as a matter of law. Perhaps from the facts here presented, this is correct, but, after a careful review of the record and transcript, we find no request to the trial court for an instruction to that effect, nor do we find it assigned as error in plaintiffs' motion for judgment notwithstanding the verdict or for new trial. Plaintiffs further contend that the trial court was in error when it instructed the jury on assumption of risk. It is questionable whether under the fact situation here assumption of risk does apply but, again, after a careful review of the record and transcript, we find no objection to the trial court's charge nor do we find such contention assigned as error in plaintiffs' motion for judgment notwithstanding the verdict or for new trial.

It has long been settled by this court that where no exceptions are taken to instructions to the jury and claimed error in such instructions is not assigned as grounds for a new trial, the instructions become the law of the case and may not be challenged for the first time on appeal. Heise v. The J. R. Clark Co. 245 Minn. 179, 71 N. W. (2d) 818; Smith v. Otto Hendrickson Post 212, American Legion, 241 Minn. 46, 62 N. W. (2d) 354; Murray v. Wilson, 227 Minn. 365, 35 N. W. (2d) 521; Strowbridge v. Winkler, 245 Minn. 97, 71 N. W. (2d) 177; Sroga v. Lund, 259 Minn. 269, 106 N. W. (2d) 913; 1 Dunnell, Dig. (3 ed.) § 358a.

Therefore, since plaintiffs did not request instructions to the effect that Judith was negligent as a matter of law, did not object to the instructions given, and failed to specify in their motion for a new trial in what particular they were claimed to be erroneous, the trial court's instructions have become the law of the case and whether the evidence is sufficient to sustain the verdict must be determined by testing the evidence against the law as set forth in the trial court's instructions. Lindgren v. Voge, 260 Minn. 262, 109 N. W. (2d) 754.

Affirmed.