BUCHANAN *v.* COCKRILL

1. Automobiles—Right of Way—Intersection—Jury Question—
Contributory Negligence—Burden of Proof.

Whether plaintiff violated the statute, providing that a driver,
having stopped, shall yield the right of way to any vehicle
which has entered the intersection or is approaching so closely
as to constitute an immediate hazard, was a question of fact
which should have been left to the jury, particularly since the
burden of proving contributory negligence was on defendant,
where plaintiff stopped at a stop sign, observed traffic for five
to ten minutes before determining to cross a four lane divided
highway, and proceeded to cross the intersection at slow speed,
the divided highway was slick to slippery and visibility lim-
ited by snow and sleet, and defendant was going about twice
the speed of other cars before he put on his brakes and slid
into plaintiff's car, which was at the center of the intersection
(MCLA § 257.649).

2. Automobiles—Speed Excessive for Weather Conditions—Neg-
ligence—Jury Question.

Whether defendant was driving at an excessive speed for weather
conditions and was therefore negligent was a factual determi-
nation to be made by the jury where there was evidence that
he was traveling five miles per hour below the maximum speed
limit in a snow storm on a wet, slippery road and that his
speed was double that of other traffic (MCLA § 257.649).

Appeal from Court of Appeals, Division 2, R. B.
Burns, P. J., and Fitzgerald and Van Domelen, JJ.,
affirming Genesee, John W. Baker, J. Submitted

References for Points in Headnotes

[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 735, 741,
750, 751.

[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 732, 1013.

June 9, 1971. (No. 8 June Term 1971, Docket No. 53,024.) Decided July 7, 1971.

23 Mich App 405 reversed.

Complaint by Lola Buchanan against James E. Cockrill for damages for injuries received in an automobile accident. Directed verdict for defendant. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appeals. Reversed and remanded for new trial.

*Norman N. Gottlieb,* for plaintiff.

*Gault, Davison & Bowers* (by *Guy H. Hill*), for defendant.

PER CURIAM. Plaintiff Lola Buchanan's car was struck by defendant's car at an intersection of Dye Road and Miller Road (M–78) west of Flint. The accident occurred on January 16, 1967, resulting in personal injury to plaintiff. Defendant was granted a directed verdict upon completion of plaintiff's proofs based on failure to present evidence from which the jury could find defendant negligent and upon plaintiff's contributory negligence as a matter of law. Plaintiff appealed. The Court of Appeals initially reversed in an unreported opinion dated April 28, 1970. Subsequently, the Court *sua sponte* ordered a rehearing and affirmed the trial court's directed verdict for defendant because their prior decision conflicted with *Chambers* v. *St. John* (1969), 20 Mich App 533. (23 Mich App 405.) Our grant of leave to appeal is noted at 384 Mich 768.

Viewed most favorably to plaintiff, the testimony in this case is that, at the time of the accident, M–78 was slick to slippery and visibility was limited by

snow and sleet. Plaintiff was driving north on Dye
Road and had stopped at the stop sign marking its
intersection with M–78. Most cars traveling on
M–78 had their lights on. After observing traffic
for five to ten minutes, plaintiff, with the concur-
rence of her passenger, Effie Whitledge, determined
that it was safe to cross M–78 and proceeded across
the intersection at a slow speed.

M–78 is a four-lane highway with a three-foot
divider island separating its eastbound and west-
bound lanes at its intersection with Dye Road. De-
fendant was driving east on M–78 at 40 to 45 miles
per hour. Defendant did not have his car lights
on. Just before the accident occurred, he passed on
the right two cars in the left lane of M–78 that were
preparing to make left turns onto Dye Road. De-
fendant was going at about twice the speed of those
cars. After passing them, he pulled back into the
left lane. Shortly after pulling back into the left
lane, defendant saw that plaintiff's car was in the
intersection, put on his brakes, and slid into plain-
tiff's car, the front end of which was already into
the center island area.

Defendant relies on MCLA § 257.649 (Stat Ann
1968 Rev § 9.2349), which states in pertinent part:

"(f) * * * After having stopped, the driver
shall yield the right of way to any vehicle which
has entered the intersection from another highway
or which is approaching so closely on the highway
as to constitute an immediate hazard during the
time when the driver would be moving across or
within the intersection."

He argues that negligence as a matter of law results
from violation of this statute. This begs the
question.

At the time of the collision, plaintiff had 45 years'
driving experience with no accidents or traffic vio-

lations.  She had stopped for M–78 traffic some five to ten minutes before she and her passenger decided it was safe to cross the superior highway.  Whether she violated the statute was a question of fact which should have been left to the jury.  This is particularly the case since the burden of proving contributory negligence was on defendant.  See, *Dearborn* v. *Bacila* (1958), 353 Mich 99, 110–119; *Knickerbocker* v. *Samson* (1961), 364 Mich 439, 445; *Kratochvil* v. *Grayling* (1962), 367 Mich 682, 687; *Thompson* v. *Llewellyn* (1964), 372 Mich 588, 592; GCR 1963, 111.7.

As for defendant's negligence, there was evidence that he was traveling five miles per hour below the maximum speed limit in a snow storm on a wet, slippery road and that his speed was double that of other traffic.  MCLA § 257.649 (Stat Ann 1968 Rev § 9.2349) in part provides:

"(e) The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder."

Whether defendant was driving at an excessive speed for the weather conditions was also a factual determination to be made by the jury.  MCLA § 257.627 (Stat Ann 1968 Rev § 9.2327); *Ryder* v. *Murphy* (1963), 371 Mich 474, 477–479; *Kemp* v. *Aldrich* (1938), 286 Mich 591, 595, reversed on rehearing on other grounds 286 Mich 715; *Petersen* v. *Lundin* (1926), 236 Mich 590, 592.

The Court of Appeals is reversed.  The case is remanded to the trial court for a new trial.  Costs to plaintiff.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred.