H. J. COFFIN, APPELLANT, v. H. E. MAITLAND ET AL.,
APPELLEES.

5 N. W. (2d) 88

FILED JULY 31, 1942. No. 31354.

B. A. Rose, for appellant.

Glenn E. Runyan and Merle M. Runyan, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

SIMMONS, C. J.

Plaintiff brought an action to foreclose a tax sale certificate on a section of land in Loup county. Decree was entered May 12, 1932, determining the amount due and ordering the land sold if defendants did not pay the amount of the decree, interest, costs and attorney's fee within 30 days. An order of sale was issued February 23, 1935, and on April 8, 1935, the land was sold by the sheriff to the plaintiff. Defendant Elizabeth Langstrom on April 4, 1935, filed an application for a moratorium. No court order is shown on that application. On June 5, 1935, Mrs. Lang-

(1)

strom filed objections to the confirmation of the sale. No court order is shown on those objections.

On April 13, 1939, defendant, Elizabeth Langstrom, filed an application to redeem and prayed that plaintiff be required to account for rents received. On March 12, 1941, plaintiff filed his accounting of rents received and on that day the court heard the matter and entered the decree from which plaintiff appeals.

There are presented two questions of fact: When did plaintiff begin to collect the rents and how much did he collect?

Defendant Mrs. Langstrom in her "Application to Redeem" refers to the decree and the sheriff's sale and alleges "That *thereafter* said plaintiff took possession of * * * and leased said premises * * * at an annual rental of Fifty Dollars ($50) per year; that said plaintiff collected the rents from said tenants with the understanding that such sums as he collected would be applied upon the decree." (Emphasis supplied.) This would seem to fix the time when plaintiff began to collect the rents as subsequent to the date of the sheriff's sale on April 8, 1935. The plaintiff in his accounting alleged that the moratorium was applied for at the spring term in 1935 and granted (date not fixed) and "by agreement the rents were to be collected and applied on the taxes" involved in plaintiff's decree and that he collected rents for 1935, 1936, 1937, 1938 and nothing in 1939 and 1940. However, by stipulation made at the beginning of the trial it was recited "that an application for moratorium was filed on or about April 15, 1935, and at a date subsequent thereto an agreement was made between the parties hereto, through their attorneys, in open court, that the plaintiff could *continue* to collect the rent from the premises and apply said rent on the decree or taxes." (Emphasis supplied.) There is no other evidence as to the agreement or its terms.

The plaintiff testified that he rented the land by oral lease to a Mr. Bohy for the years 1935, 1936, 1937 and 1938, together with an additional section and three-quarters of land, for $75 a year; that the rent for the Langstrom land was

"supposed to be about a third" of the $75; that he collected rent for those four years; that out of the 1935 rent he paid Mrs. Langstrom $20 and paid $5 for the trip made to rent the land. He proposed therefore to credit defendants with $25 for each year, 1936, 1937, and 1938.

Mrs. Langstrom did not testify. Her husband testified that he handled the land for her. He testified that plaintiff rented the land to Mr. Bohy in 1933 for $50 a year; that plaintiff had Mrs. Langstrom sign a written lease for a one-year term; that the witness had one copy (which was not produced at the trial although the witness testified he had it "down home some place") ; that at that time plaintiff had the rent money and gave him $20 of it and the witness "gave the rest back" to apply on the taxes. On cross-examination Mr. Langstrom was not "positive" as to the year that he received the $20, although he testified that it was a "couple of years" before the application for a moratorium was filed.

Mr. Bohy testified as a witness for the defendants that he started to rent the land in "34 or 35, I couldn't say which," that he paid the rent to plaintiff for the "practically three sections;" that he had not rented it "since 1938" and that another party had it in 1938. On cross-examination he said: "I didn't get it" in 1938; that the rent for the three sections was $75 a year and that the Langstrom section was about on a par with the others. Mr. Bohy was, at the time of the trial, a tenant of plaintiff on other lands.

On rebuttal plaintiff stated that he had no recollection of ever taking a written lease with Bohy to the defendants and stated that he paid the money to Mrs. Langstrom and not Mr. Langstrom.

The trial court found that there were credits due the defendants as follows: $50 on April 1, 1934; $30 on April 1, 1935; $25 on April 1, 1937, and $25 on April 1, 1938. The transcript of the decree makes no mention of credits for April 1, 1936, although it recites that the plaintiff's report is "correct for the years 1936, 1937, and 1938," and that "the statements and allegations of the defendants * * * are true and correct for the years 1934 and 1935."

In this finding and decree based thereon, we think the trial court erred in part. All of the parties were testifying from memory several years after the event. They are in agreement on these facts, *i. e.*, that Mr. Bohy was the tenant who rented the land and that the plaintiff paid to the defendant $20.

The defendant in her application to redeem did not claim that the plaintiff went into possession or collected rents prior to the date of the sheriff's sale in 1935. Although her husband testified, with qualifications, that Mr. Bohy was the tenant in 1933 and that the $20 was paid in 1933, Mr. Langstrom failed to produce the lease which would have substantiated his testimony as to the year.

The defendants offered Mr. Bohy as their witness. He fixed the beginning of the period as either 1934 or 1935 and indicated that it ran for four years. As to the length of his tenancy he corroborates the plaintiff. He is uncertain only as to the beginning of the term. He is also certain that he paid only $75 a year for the three sections and that $25 was for the Langstrom land and as to that corroborates the plaintiff.

The record does not sustain the trial court's finding that the plaintiff collected and kept $50 rent in April, 1934. That was a year before the sheriff's sale; a year before the moratorium was asked for; and a year before Mrs. Langstrom in her application to redeem says that the defendant took possession of the premises, leased them and collected the rents. The only evidence as to $50 rent is by Mr. Langstrom, which is denied by their own witness, Mr. Bohy, and by the plaintiff. The trial court found that the proper rental for the years 1936, 1937, and 1938, was $25 a year. To make that finding the trial court of necessity believed the testimony of Mr. Bohy and the plaintiff as to the amount of rents received during those years. The trial court's finding that the defendant was entitled to credit for $30 as of April 1, 1935, was apparently a charge of $50 for rents collected less the $20 paid. Here the trial court accepts the plaintiff's testimony as to *when* he made the payment, but

rejects it as to the amount of rent collected from which the payment was made.

The plaintiff is corroborated as to the time he began to collect the rents by the sworn statement of Mrs. Langstrom in her application to redeem made almost two years before the trial. As to the length of time he collected rents and of the amounts thereof, plaintiff is corroborated by the defendants' witness, Mr. Bohy. As against this evidence the decree depends upon the rather unsatisfactory evidence of Mr. Langstrom which is hearsay in part. The circumstances all indicate that plaintiff began the collection of rents after the moratorium was applied for in 1935. We are of the opinion that the record sustains the report and accounting made by the plaintiff, with this exception, there is no evidence that the plaintiff was, by the agreement, entitled to deduct the $5 for expenses. As to that item the report should not be approved.

The decree of the trial court is reversed and remanded, with directions to enter a decree in accord with this opinion.

REVERSED.