## A. J. SCHUNK v. CLARENCE WIELAND AND ANOTHER.

176 N. W. (2d) 119.

March 20, 1970—No. 41862.

*Bloedel, Sundberg, Slade, Volstad & Berry* and *Philip John Bloedel,* for appellant.

*Richards, Montgomery, Cobb & Bassford* and *Jerome C. Briggs,* for respondents.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

ROGOSHESKE, JUSTICE.

Appeal from an order denying plaintiff's post-trial motion for judgment notwithstanding the verdict or a new trial.

Plaintiff, who built and sold a new dwelling house to defendants in July 1962, brought suit in December 1966 for $155 claimed due for labor and materials not included in the purchase price. Defendants, by answer, alleged that such labor and materials were furnished as part of the purchase agreement and counterclaimed for $5,779 damages claimed to have been sustained subsequent to their purchase because of wet-basement problems caused by the seepage of water through the cement block foundation. This claim was pleaded alternatively in three separate counts upon allegations of a fraudulent, sale-inducing, oral misrepresentation of a dry basement; negligence; and breach of express and implied warranties.

The instructions of the trial court permitted the jury to find plaintiff liable upon any of the theories pleaded, and the jury returned a general verdict against plaintiff assessing defendant's damage at $1,400. The award presumably was based upon testimony estimating the cost of correcting the water-seepage problem. At the close of the testimony, plaintiff made no motion for a directed verdict nor any request for instructions challenging defendants' right to recover on any of the theories of law pleaded. Nor did plaintiff make any objections or take exceptions to the court's instructions. Furthermore, plaintiff's post-trial motion did not assign any specific ground of error in the instructions but merely asserted that "[t]he damages awarded * * * appear to be excessive having been given under the influence of passion and prejudice," and that "[t]he verdict is not justified by the evidence and is contrary to law."

On this appeal, submitted without oral argument, plaintiff for the first time asserts that the trial court committed errors of fundamental law in permitting liability to be based upon any theory included in the charge and upon which the case was tried.

Our rules necessarily contemplate appellate review only of questions presented to and passed upon by the trial court. Rules 46, 50.01, 51, Rules of Civil Procedure. Accordingly, it is well settled that if objections are not made at the trial to an error in

the charge with respect to fundamental law or controlling principle, such error must be assigned in the motion for a new trial before it can be presented to the appellate court. Davies v. Land O' Lakes Racing Assn. 244 Minn. 248, 69 N. W. (2d) 642. Rule 51 specifically provides:

"* * * An error in the instructions with respect to fundamental law or controlling principle may be assigned in a motion for a new trial though it was not otherwise called to the attention of the court."

In construing this rule, we have held repeatedly that where there are no requests for instructions and no objection or exception is taken to those given by the court, and the motion for a new trial fails to specify in what particular the instructions were erroneous with respect to fundamental law, there is nothing before this court for consideration. Daigle v. Twin City Ready Mix Concrete Co. 268 Minn. 136, 128 N. W. (2d) 148.

Since plaintiff neither requested instructions nor objected to the instructions given, and the motion for a new trial fails to specify in what particular the instructions were erroneous, the trial court's instructions, even if erroneous, have become the law of the case, Caballero v. Litchfield Wood-Working Co. Inc. 246 Minn. 124, 74 N. W. (2d) 404, and whether the evidence is sufficient to sustain the verdict must be determined by testing the evidence against the law as set forth in the trial court's instructions. Lindgren v. Voge, 260 Minn. 262, 109 N. W. (2d) 754, 88 A. L. R. (2d) 1080. Whatever may be the merits of plaintiff's arguments with respect to the sufficiency of the evidence on other issues, it appears from the record that there is evidence which would justify a recovery by defendants on the theory that defendants were induced to purchase the home in question by plaintiff's fraudulent misrepresentation guaranteeing a dry basement. See, Hafner v. Ritzinger, 256 Minn. 196, 97 N. W. (2d) 839. Since it appears from this record that the evidence was not insufficient as a matter of law to sustain the ver-

dict under the theory of fraud as presented by the trial court in its instructions, the order appealed from must be affirmed.

Affirmed.