## EMIL E. ERICKSON AND ANOTHER v. DAVID J. SORENSON.

211 N. W. 2d 883.

November 2, 1973—No. 43657.

453

*Spellacy & Lano, John A. Spellacy,* and *O. C. Adamson II,* for appellants.

*Rischmiller & Wasche* and *John E. Wasche,* for respondent.

Heard before Knutson, C. J., and Kelly, Todd, and Scott, JJ., and considered en banc.

SCOTT, JUSTICE.

Appeal from an order of the district court granting third-party defendant's motion for a new trial. The order was "granted exclusively upon an error occurring at the trial and upon no other ground," and in essence concerned an error in the instructions with respect to fundamental law or controlling principle. We reverse.

On January 24, 1970, an automobile owned by Emil E. Erickson and driven by Thomas E. Erickson collided with a snowmobile driven by David J. Sorenson on Itasca County Road No. 160. Linda Hedquist, a passenger on the snowmobile, was thrown from the vehicle upon impact and was injured.

An action was commenced by Linda Hedquist and her father,

Carl G. Hedquist, to recover damages from the Ericksons, who impleaded Sorenson as a third-party defendant. The Ericksons then settled the plaintiffs' claim by payment of $33,000 to plaintiffs and now seek either indemnification or contribution from Sorenson.

Throughout the trial, Sorenson, the third-party defendant, contended that plaintiff Linda Hedquist's conduct created an issue of either contributory negligence or assumption of risk. The conduct referred to consisted of a suggestion by Miss Hedquist that a shorter route than County Road 48, on which they were traveling, would be County Road 160. Miss Hedquist was familiar with the area and Sorenson was not. She exercised no actual control over the operation of the snowmobile.

The trial court originally had intended to submit the defenses of contributory negligence and assumption of risk separately, allowing the jury to distinguish between them. Counsel for the Ericksons contended throughout the proceedings that neither of the defenses was appropriate under the facts. Sorenson requested that the instructions be framed so as to consider assumption of risk as a facet of contributory negligence and to compare the proportion of fault on the part of Miss Hedquist under the comparative negligence law,[1] which the trial court did. The Ericksons acquiesced in this manner of submission but maintained their objection that assumption of risk should not be submitted at all. The jury returned a special verdict concluding that the collision which produced Miss Hedquist's injuries was the direct result of the negligence of Sorenson.

The salient issue for our consideration is whether a party who has both specifically requested instructions and agreed to the manner of their submission to the jury may then claim error in them as a basis for a motion for a new trial.

It appears from the record that throughout the proceedings there was some question as to the standing of Minnesota law in the area of comparative negligence. Both parties and the court

---

[1] Minn. St. 604.01.

were aware of a then-pending case, Springrose v. Willmore, 292 Minn. 23, 192 N. W. 2d 826 (1971), and anticipated our ruling that implied assumption of risk is to be considered a phase of contributory negligence and is to be submitted with and apportioned under Minn. St. 604.01, the comparative negligence statute. However, these parties and the court incorrectly anticipated that the decision would apply retroactively rather than prospectively only from December 10, 1971, the date of the Springrose decision.

Sorenson now contends that inasmuch as the instructions were erroneous as of that point in time and therefore misapplied the law as it stood at the time of the trial, a new trial should be granted using the correct standards. The Ericksons, on the other hand, contend that one who has assented to the form and substance of the instructions cannot later claim error in them as the basis for a new trial.

It is an established principle that "where no exceptions are taken to instructions to the jury and claimed error in such instruction is not assigned as grounds for a new trial, the instructions become the law of the case and may not be challenged for the first time on appeal." Jacoboski v. Prax, 290 Minn. 218, 224, 187 N. W. 2d 125, 129 (1971); Holkestad v. Coca-Cola Bottling Co. 288 Minn. 249, 180 N. W. 2d 860 (1970); Schunk v. Wieland, 286 Minn. 368, 176 N. W. 2d 119 (1970).

The controlling principle was clearly stated in the case of Miller v. Tongen, 281 Minn. 427, 430, 161 N. W. 2d 686, 688 (1968) where this court concluded that Rule 51, Rules of Civil Procedure,[2] allowing a party moving for a new trial to assign

---

[2] Rule 51, Rules of Civil Procedure, states in part: "* * * No party may assign as error unintentional misstatements and verbal errors, or omissions in the charge, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objections. An error in the instructions with respect to fundamental law or controlling principle may be assigned in a motion for a new trial though it was not otherwise called to the attention of the court."

as error instructions with respect to fundamental law not otherwise called to the court's attention, "has no application where the charge is not the result of an unintentional misstatement or verbal error or omission. This was a matter which was called to the court's attention and in which plaintiff acquiesced. Under such circumstances, he is not now in a position to claim an inadvertent oversight." We think that in the instant case, as in Miller, the third-party defendant cannot now claim error in the instructions.

This court has similarly held that "we are not inclined to give shelter under Rules of Civil Procedure, Rule 51, where counsel by failure to object have tacitly agreed to the instructions of the court." Mineral Resources, Inc. v. Mahnomen Const. Co. 289 Minn. 412, 418, 184 N. W. 2d 780, 784 (1971), citing Knutson v. Arrigoni Brothers Co. 275 Minn. 408, 415, 147 N. W. 2d 561, 566 (1966), and Hemming v. Ald, Inc. 279 Minn. 38, 46, 155 N. W. 2d 384, 390 (1967).

Third-party defendant Sorenson maintains that the decision in Mjos v. Village of Howard Lake, 287 Minn. 427, 178 N. W. 2d 862 (1970) is controlling. Erroneous jury instructions were submitted in that case because the trial court and counsel for both parties were unaware of recent changes in the controlling statute. As a result, an outdated standard was used in the instructions, in which all parties acquiesced. This court emphasized that the facts of the case presented circumstances which justified a new trial because of the "potentially determinative influence upon the law suit" of the fundamental error of law. 287 Minn. 436, 178 N. W. 2d 868. The case before us may be distinguished in that all parties had knowledge of the status of negligence law, but chose instead to rely upon an incorrect anticipation of this court's action. Also, after a thorough consideration of the record and the nature of the evidence, we find it doubtful that had the correct instructions been given the jury's verdict would have been different.

Since a determination can be made that it was error for the

trial court to grant Sorenson's motion for a new trial, we need not reach the other issues presented by this appeal. The trial court's order granting third-party defendant's motion for a new trial is hereby reversed.

Reversed.