ETHEL KINDT AND ANOTHER v. YELLOW CAB OF WINONA, INC., AND ANOTHER.

218 N. W. 2d 459.

May 24, 1974—No. 44362.

*C. Stanley McMahon, John A. Cochrane,* and *James G. Roban,* for appellants.

*Peterson, Delano & Thompson* and *Peter E. Berg,* for respondents.

Heard before MacLaughlin, Yetka, and McRae, JJ., and considered and decided by the court.

YETKA, JUSTICE.

Appeal from an order of the Winona County District Court denying plaintiffs' motion for a new trial. We affirm.

On March 16, 1971, a collision occurred between an automobile owned by plaintiff Edward Kindt and driven by his wife, plaintiff Ethel Kindt, and a taxicab owned by defendant Yellow Cab of Winona, Inc., and driven by defendant Hurley Kreisel. Plaintiffs filed suit in district court against defendants to recover damages allegedly caused by the negligence of Mr. Kreisel. Defendants denied negligence and counterclaimed for damages, alleging the negligence of Mrs. Kindt was the sole cause of the accident.

Trial on the issues was commenced on December 13, 1972. At the close of the evidence, a conference was held in chambers to discuss the court's proposed instructions to the jury. The following excerpts from the record of this conference are relevant to this appeal.

"THE COURT: * * * Have you decided whether anybody wishes to request to have the jury instructed with respect to the effect of the answers to the interrogatories?
* * * * *
"MR. COCHRANE [counsel for plaintiffs]: I talked to Mr. McMahon, [counsel for plaintiffs], and it is Mr. McMahon's decision, and he feels we should explain the effect of the special interrogatories to the jury.
* * * * *
"MR. BERG [counsel for defendants]: Your Honor, for the record, I would like to object to allowing counsel to argue the effect of the verdict.
* * * * *
"THE COURT: The objection of plaintiffs' counsel arguing the effects of the verdict is noted. I personally think that it is error but it has been the practice of this Court, in view of the statute [Minn. St. 1971, § 546.14], to allow counsel to argue, if they request it.

"MR. BERG: I would like to have a continuing objection.

"THE COURT: All right. * * *
* * * * *
"THE COURT: If I explain the effect of the verdict to them, I will have to tell them that. If you answer all these questions 'yes' and apportion the negligence, the plaintiff will still recover but won't get as much if it is over 50 per cent. If it is under 50 per cent, she won't."

Thereafter, counsel for the plaintiffs informed the court of his intention to withdraw his request for instruction on the effects of the special verdict. The court did not give such an instruction and no time prior to their post-trial motion for a new trial did plaintiffs object to the court's failure to do so.

The jury returned a verdict finding plaintiff Ethel Kindt 60-percent negligent and defendant Kreisel 40-percent negligent.

Thereafter, notwithstanding their failure to object when the

instructions were given, plaintiffs moved for a new trial on the grounds that the court had failed to explain to the jury the legal conclusions which would follow from their special findings. We hold that the trial court did not err in refusing to grant a new trial.

Plaintiffs contend that the trial court should have given instructions pursuant to Minn. St. 1971, § 546.14, in effect at the time of trial.[1] That statute in pertinent part provided:

"* * * The court shall give to the jury such explanations and instructions concerning the matters thus submitted as may be necessary to enable the jury to make its findings upon each issue, and the court shall explain to the jury the legal conclusions which will follow from its findings, and counsel shall have the right to comment thereon."

Plaintiff argues that the failure to give an instruction explaining the effect of the verdict was fraud on the jury system. He submits that every juror thought they were awarding plaintiff some money damages.

This argument lacks merit. Experienced trial counsel well knew that at the time of trial the court had a practice, as it indicated, to give the instruction and to allow counsel to argue the effects of the verdict if counsel insisted that this instruction be given. The court, however, was doing plaintiffs' attorneys a favor in warning them that the possibility existed that the stat-

---

[1] The statute was superseded on January 5, 1973, by an amendment of Rule 49.01, Rules of Civil Procedure, to provide: "(1) * * * Except as provided in Rule 49.01(2), neither the court nor counsel shall inform the jury of the effect of its answers on the outcome of the case.

"(2) In actions involving Minn. Stat. 1971, Sec. 604.01, the court shall inform the jury of the effect of its answers to the percentage of negligence question and shall permit counsel to comment thereon, unless the court is of the opinion that doubtful or unresolved questions of law, or complex issues of law or fact are involved, which may render such instruction or comment erroneous, misleading or confusing to the jury."

ute was unconstitutional. Counsel nevertheless decided to request the instruction and then changed his mind prior to the submission of the case to the jury. The court at no time threatened it would have to reverse any jury verdict if he were asked to give the instruction. Whether the instruction should be given or not was an option given plaintiffs' attorney. The court perhaps felt compelled to give it and to permit argument on the effect of the verdict when requested in view of the fact that at the time of the trial there was a great deal of doubt throughout the bench and bar in the State of Minnesota as to the applicable law, a fact which is well known to experienced counsel.

Once having made their decision, plaintiffs' counsel cannot now be found to complain. Erickson v. Sorenson, 297 Minn. 452, 211 N. W. 2d 883 (1973). Our ruling in the case of Knutson v. Arrigoni Brothers Co. 275 Minn. 408, 147 N. W. 2d 561 (1966), also seems to be particularly relevant to the issue raised in this case. In that case the defendant did not request an instruction on assumption of risk even though the trial court had given him ample opportunity to do so. Neither did defendant object to the omission of that instruction until his motion for a new trial. In affirming the trial court's refusal to grant a new trial this court stated:

"* * * While Rule 51, Rules of Civil Procedure, does permit errors in instructions with respect to fundamental law to be raised on a motion for new trial, it was never intended that experienced counsel could tacitly agree to instructions of the court which omit a theory that might have been submitted had it been requested, and then, after an adverse verdict, seek shelter under the rule for the purpose of gaining another chance at victory. In spite of this rule, we feel that there is some obligation on the part of experienced trial lawyers to assist the court in submitting issues which they believe are involved in the case. * * * [W]here counsel deliberately try a case on one theory or permit it to be submitted to the jury with an omission of one of the issues that ought to be submitted, they will find little sympathy

here if they seek a new trial under Rule 51." 275 Minn. 415, 147 N. W. 2d 566.

For the reasons set forth above, the trial court is affirmed.

Affirmed.