**Gary WOLNER, Appellant,**

v.

**MAHASKA INDUSTRIES, INC.,**
**Respondent,**

**Minnesota Valley Breeders Association,**
**Respondent,**

**Lester's Engineer Building Systems,**
**Defendant.**

**No. 82–3.**

Supreme Court of Minnesota.

Oct. 22, 1982.

Rehearing Denied Jan. 5, 1983.

Piper, Sunde & Olson, Steven R. Sunde and Gary W. Koch, St. James, for appellant.

Gislason, Dosland, Hunter & Malecki and Daniel A. Gislason, New Ulm, for Mahaska Industries, Inc.

Farrish, Johnson, Maschka & Hottinger and Gerald L. Maschka, Mankato, for Minnesota Valley Breeders Assn. and Defendant Lester's Engineer Building Systems.

WAHL, Justice.

Plaintiff Gary Wolner, a farmer in Watonwan County, brought suit in Watonwan County District Court against Mahaska Industries, Minnesota Breeders Association (MVBA) and Lester's Engineer Building Systems (Lester's) to recover damages for claimed breach of warranty and negligence with regard to a hog confinement barn ventilation system. Lester's, who built the barn in which the system was installed, settled with Wolner by Pierringer Release during trial.

The case was submitted to the jury on breach of warranty and negligence theories as to Mahaska and on negligence alone as to MVBA. Wolner introduced evidence of damages amounting to $62,525.55. The jury assessed damages of $26,767.30 and, by special verdict, found Mahaska 35% negligent, MVBA 35% negligent, Lester's 10% negligent, and plaintiff 20% negligent. The court issued findings of fact, conclusions of law and order for judgment upon the jury

verdict. One week later, after plaintiff had submitted a motion for amended findings of fact, conclusions of law and order for judgment or a new trial, our decision in *Superwood Corp. v. Siempelkamp Corp., et al.,* 311 N.W.2d 159 (Minn.1981) was announced. *Superwood* limited tort recovery for economic losses in commercial transactions. The district court, on MVBA's motion, amended the judgment entered on October 26, 1981, applied *Superwood,* and limited plaintiff's damage recovery to $3,800, the stipulated cost of repairs to the ventilating system. Wolner appeals from that amended judgment. Mahaska and MVBA filed no notice of review. The sole issue on appeal is whether the trial court correctly applied *Superwood* to the present action. We hold that it did not.

Wolner claimed that the Mahaska ventilation system installed in his new hog confinement barn by MVBA had defects that caused pneumonia and death to his hogs and resulted in wasted corn and protein, increased veterinary bills, loss of production and increased labor. Evidence of these losses was introduced at trial, as well as evidence concerning the design and function of the ventilation system and the unsuccessful efforts of representatives of Mahaska and MVBA to remedy the situation after problems arose. The complete trial transcript, however, is not available for our review because the parties appealed solely on an issue of law.

■ Wolner argues that the trial court erred in applying *Superwood* to this case. He argues first that, because *Superwood* was a decision responding to questions certified to this court by the Federal District Court, Minnesota District, it is an advisory opinion and not binding precedent. We reject this argument. The Uniform Certification of Questions of Law Act, adopted in

Minnesota in 1973 as Minn.Stat. § 480.061, gives this court authority to answer, if it chooses, questions of law certified to it by a federal district court which are determinative in a pending action in that court and for which there is no controlling state precedent.[1] It is true that the case decided by the exercise of our judicial power in answering a certified question is in federal district court, but the federal court is bound to apply our determination of state law. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). We make that determination on an adequate factual basis. A certification order must include a statement of all facts relevant to the questions certified and must show fully the nature of the controversy in which the questions arose. Minn.Stat. § 480.061, subd. 3(b) (1980). Our decision is a pronouncement of law with the same effect as our pronouncements of law in cases arising in the courts of this state. We conclude, as did the supreme court of the State of Washington, that our decisions on certification proceedings to federal court will be "legal precedent applicable in all future controversies involving the same legal question until and unless this court overrules its opinion." *In re Elliott,* 74 Wash.2d 600, 611, 446 P.2d 347, 354 (1968).

■■ If *Superwood* is good precedent, and we hold that it is, should it be applied retroactively in this case? We have recognized the general rule of retroactivity, "that, absent special circumstances or specific pronouncements by the overruling court that its decision is to be applied prospectively only, the decision is to be given retroactive effect." *Hoff v. Kempton,* 317 N.W.2d 361, 363 (Minn.1982) (citations omitted). We made no specific pronouncements regarding prospective application in our *Superwood* decision. Are there, in this case,

---

1. Minn.Stat. § 480.061, subd. 1 (1980) provides:
   *Power to answer.* The supreme court may answer questions of law certified to it by the supreme court of the United States, a court of appeals of the United States, a United States district court or the highest appellate court or the intermediate appellate court of any other state, when requested by the certifying court if

there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court of this state.

special circumstances? Wolner argues that there are. He argues that *Superwood* should not be applied retroactively where a jury verdict and order for judgment were outstanding at the time *Superwood* was decided and where the case had been tried by the parties and the jury instructed on a different theory of law. There is merit to this argument. Where a party makes no objections to jury instructions before the jury retires, and does not specify fundamental errors in a motion for a new trial, the instructions are the law of the case and may not be challenged for the first time on appeal. *Duchene v. Wolstan,* 258 N.W.2d 601, 606 (Minn.1977); *Jacoboski v. Prax,* 290 Minn. 218, 224, 187 N.W.2d 125, 129 (1971). Did the defendants here specify fundamental errors in a motion for a new trial? Respondent MVBA moved, subsequent to jury verdict and order for judgment, to dismiss appellant's claim or to limit his damages. The grounds for the motion were a disclaimer clause in the purchase agreement and our decision in *Superwood.* Nowhere did the motion allege erroneous jury instructions; nowhere was a new trial requested. Respondent Mahaska submitted no post-trial motions.

Respondents, by attempting to apply *Superwood* retroactively and thus change the theories under which this case was argued and presented to the jury, are implicitly objecting on appeal to any jury instructions or special verdict questions dealing with negligence recovery for economic losses. In its special verdict, the court questioned the jury as to negligence and causation by both respondents. The court instructed the jury, according to Minnesota law, that damages are recoverable for loss of productivity, costs of treatment, additional feed, veterinary care, additional labor and lost profits. It further instructed as to reasonable care and foreseeability. However, respondents alleged no instruction or special verdict errors in a motion for a new trial, as is required by Minn.R.Civ.P. 51 and 59.01(6).

The policy behind the well-established rule that fundamental errors can be preserved by specific allegation in a motion for a new trial is to protect the party preju-diced by such error by giving the opportunity to have the action tried under correct principles of law. This purpose is not served by foreclosing a new trial by reversing a jury verdict, with no opportunity for retrial under correct instructions, particularly where the error exists due to a change in the law, not to the inadvertence of the parties or of the court. Rules 51 and 59 seek to aid victims of such inadvertence; they would not deny the same justice to parties who base their actions upon theories that are correct under existing law.

In the present case, the court instructed the jury according to the law as it existed at that time. There was no fundamental error in those instructions or in the special verdict, because, in September 1981, when the jury retired, economic losses in commercial transactions under negligence theories were recoverable in Minnesota. In *Erickson v. Sorenson,* 297 Minn. 452, 211 N.W.2d 883 (1973), we allowed instructions to stand which proved to be erroneous due to a decision announced after trial but to which, as here, the parties had assented.

*Mjos v. Village of Howard Lake,* 287 Minn. 427, 178 N.W.2d 862 (1970) presented a situation in which neither the parties nor the court was aware of a new statutory amendment existing at the time of trial. Instructions were given pursuant to the statute prior to amendment. The trial court determined, in response to a motion for a new trial, that the instructions as given were highly prejudicial to the moving party and that, because the error was potentially determinative of the outcome, retrial was required. We affirmed. In *Mjos,* the change in law was in effect at time of trial but was unknown to either the parties or the court. In the present action, the change in law that was determinative of the outcome occurred after the case had been tried. The proper resolution, however, as in *Mjos,* would have been retrial had the defendants properly moved for a new trial. Since the appropriate motion and required specificity were lacking in the present case, we hold that the instructions and special verdict as submitted are the law of the case

and may not be challenged for the first time on appeal. *Erickson v. Sorenson,* 297 Minn. at 455, 211 N.W.2d at 885; *Coble v. Lacey,* 252 Minn. 423, 433, 90 N.W.2d 314, 322 (1958).

Respondent's post-trial motion to dismiss or to limit damages might have been regarded as a motion for judgment notwithstanding the verdict under Minn.R.Civ.P. 50.02, a motion for remittitur of damages under Rule 59.01(7), or a motion for relief from judgment under Rule 60.02. The trial court, however, without objection, applied *Superwood* as the sole ground for its amended finding; and this appeal, by consent of the parties, was based solely on the applicability of *Superwood* as a question of law. We have determined that the theory of law under which the case was tried is, under the facts and circumstances here, the law of the case. Applying the law of the case, Wolner would recover for economic loss by the negligence of the manufacturer and seller of the defective ventilation system, as the jury found and the court originally ordered.

Reversed and remanded for reinstatement of the original judgment of the district court.