Mary BRUCHAS, Appellant,

v.

PREVENTIVE CARE, INC., Respondent.

No. C6–96–602.

Court of Appeals of Minnesota.

Sept. 3, 1996.

Clair E. Schaff, Connor & Satre, L.L.P., Minneapolis, for Appellant.

Robert Cragg, Jeffrey W. Thone, Cragg & Fobbe, Hopkins, for Respondent.

Considered and decided by NORTON, P.J., PARKER and HARTEN, JJ..

## OPINION

NORTON, Judge.

This appeal is from a district court's decision granting JNOV in favor of respondent on appellant's claims for negligent retention and negligent supervision. We affirm.

## FACTS

Respondent Preventive Care, Inc. (PCI), employed appellant Mary Bruchas as a telephone salesperson. In December 1993, appellant received a written notice warning her that her job performance was not satisfactory. PCI terminated appellant because her productivity failed to increase after receiving the warning.

Following her termination, appellant filed a complaint against PCI and defendants AVT Rubber Products LTD (AVT) and AV Thomas Industrial Products LTD (AV), alleging sex discrimination, sexual harassment, negligent supervision, negligent retention, negligent infliction of emotional distress, negligent misrepresentation, fraud and misrepresentation, promissory estoppel, aiding and abetting assault, and assault. Appellant eventually dismissed all claims against AVT and AV.

The district court granted PCI's motion for summary judgment with regard to the assault claim and denied appellant's motion to amend her complaint for punitive damages. At the close of appellant's case, respondent moved for a directed verdict. The district court found that genuine issues of material fact existed with regard to appellant's claims for sex discrimination, negligent retention, and negligent supervision. It dismissed all of appellant's remaining claims.

The jury found that respondent had not discriminated against appellant, but found respondent liable for negligent retention and

negligent supervision. Following receipt of the jury's verdict, respondent moved for judgment notwithstanding the verdict, which the district court granted.

## ISSUE

Did the trial court err by entering JNOV after the jury found respondent liable for negligent retention and negligent supervision?

## ANALYSIS

The district court determined that, because the jury found that no sex discrimination occurred, appellant's claims for negligent retention and negligent supervision failed as a matter of law. Appellant contends that the trial court erred by entering JNOV, arguing that her claims for negligent retention and negligent supervision can stand alone and do not need an underlying cause of action to survive. We disagree.

■ The court may grant judgment notwithstanding the verdict when the verdict is against the overwhelming evidence so "that reasonable minds cannot differ as to the proper outcome." *Lamb v. Jordan*, 333 N.W.2d 852, 855 (Minn.1983). The granting of JNOV is a pure question of law. *Edgewater Motels, Inc. v. Gatzke*, 277 N.W.2d 11, 14 (Minn.1979). This court is not bound by a trial court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn. 1984).

### Negligent Retention

■ The origin of the doctrine making an employer liable for negligent retention "arose out of the common law fellow-servant law which imposed a duty on employers to select employees who would not endanger fellow employees by their presence on the job." *Ponticas v. K.M.S. Investments*, 331 N.W.2d 907, 910 (Minn.1983).

Liability is predicated on the negligence of an employer in placing a person with

known propensities, or propensities which should have been discovered by reasonable investigation, in an employment position in which, because of the circumstances of the employment, it should have been foreseeable that the hired individual posed a threat of injury to others.

*Id.* at 911, *quoted in Kresko v. Rulli*, 432 N.W.2d 764, 769 (Minn.App.1988), *review denied* (Minn. Jan. 31, 1989). Negligent retention does not involve a scope of employment limitation, but addresses risks created by exposing others to a potentially dangerous individual. *Yunker v. Honeywell, Inc.*, 496 N.W.2d 419, 422 (Minn.App.1993), *review denied* (Minn. Apr. 20, 1993). This theory of recovery imposes liability for an employee's intentional torts, which "almost invariably" occur outside the scope of employment. *Id.*; *see Leidig v. Honeywell, Inc.*, 850 F.Supp. 796, 807 (D.Minn.1994) (an action for negligent retention imposes liability for acts that fall outside the scope of the employment relationship).

As we recently noted:

[N]o prior Minnesota case [addresses] a claim for negligent supervision or negligent retention based on general harassment or retaliation. Rather, the cases thus far have allowed such claims to proceed in the context of intentional torts.

*Oslin v. State*, 543 N.W.2d 408, 415 (Minn. App.1996) (citing cases involving claims based on sexual assault, assault and battery, sexual abuse, and shooting incident), *review denied* (Minn. Apr. 1, 1996).

Appellant encourages this court to expand the doctrine of negligent retention to include situations where an employee is harassed or mistreated by his or her employer, regardless of whether the employer's conduct constitutes an intentional tort. There is no legal precedent, however, which dictates or supports such an expansion of the doctrine.

■ A claim for negligent retention may lie where an employee is subjected to sexual harassment.[1] *See Kresko*, 432 N.W.2d at 766

---

1. The district court considered expanding the doctrines of negligent retention and negligent supervision in this case to include a situation involving sex discrimination. Because appellant

failed to prove sex discrimination, the district court determined that her remaining claims fail as a matter of law.

(claims of sexual harassment and negligent retention). Even in those cases, however, there must be some evidence of a threat of physical injury or actual physical injury resulting from the harassment. *See Leidig,* 850 F.Supp. at 807 (claims for negligent retention under Minnesota law are limited to situations involving a threat of physical injury). Thus, appellant's claim of negligent retention fails, because the circumstances of this case do not involve a threat of physical injury or actual physical injury.

### Negligent Supervision

■ Liability for negligent supervision of an employee is imposed under a theory of respondeat superior. *Yunker,* 496 N.W.2d at 422. "The basis of liability is that the tortious act is committed in the scope of employment; whether the employer is at fault is immaterial." *Oslin,* 543 N.W.2d at 414. Minnesota courts have analyzed claims for negligent supervision under both the Restatement (Second) of Agency § 213 and the Restatement (Second) of Torts § 317. *See Semrad v. Edina Realty, Inc.,* 493 N.W.2d 528, 533–34 (Minn.1992).

■ The supreme court indicated in *Semrad* that some form of physical injury is required to recover under a claim of negligent supervision. *See id.* at 534 (to apply the Restatement (Second) of Torts § 317 in a case involving economic loss only is to extend section 317 far beyond its intended scope). The language of the Restatement "unambiguously limit[s] the scope of section 317 to a duty to prevent an employee from inflicting personal injury upon a third person" or to "prevent the infliction of bodily harm by use or misuse of the employer's chattels." *Id.*

In *Ponticas,* Minnesota adopted the Restatement (Second) of Agency § 213, which provides:

> A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless:
>
> \*   \*   \*   \*   \*   \*
>
> (c) in the supervision of the activity.

*Ponticas,* 331 N.W.2d at 910–11. Again, the "harm" referred to in this section applies to a

threat of physical injury. *See id.* at 911 (liability for negligent hiring is predicated on fact that it should be foreseeable that employee posed threat of injury to others).

Because the record contains no evidence that appellant suffered from personal injury, her claims for negligent retention and negligent supervision fail as a matter of law.

■ Appellant further contends that, if an underlying claim of sex discrimination was required in order for her claims of negligent retention and negligent supervision to survive, the instructions to the jury were improper because the court never informed the jury of the proper elements of the claims. Appellant did not raise this issue in her motion for a new trial, however, and therefore cannot raise it for the first time on appeal. *See Wolner v. Mahaska Industries, Inc.,* 325 N.W.2d 39, 42 (Minn.1982) (failure to raise objection to jury instructions at trial or in motion for new trial precludes challenging instructions for the first time on appeal).

### DECISION

Because appellant failed to show that she suffered from personal injury or a threat of physical injury, her claims for negligent retention and negligent supervision fail as a matter of law, and JNOV was proper.

**Affirmed.**