# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3237

———————

Juan V. Gonzalez,                              *
                                               *
           Appellant,                          *
                                               *   Appeal from the United States
      v.                                       *   District Court for the
                                               *   District of Minnesota.
City of Minneapolis,                           *        [UNPUBLISHED]
                                               *
           Appellee.                           *

———————

Submitted: May 13, 2004
    Filed: August 23, 2004

———————

Before WOLLMAN, HAMILTON,[1] and BYE, Circuit Judges.

———————

PER CURIAM.

Juan V. Gonzalez appeals from the district court's entry of summary judgment in favor of the City of Minneapolis on his claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.; the Family Medical Leave Act, 29 U.S.C. § 2601 et seq.; 42 U.S.C. § 1981; 42 U.S.C. § 1983; the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A.01 et seq.; the Minnesota Workers' Compensation Act (WCA), Minn. Stat. § 176.001 et seq.; the Minneapolis Civil Rights Ordinance (MCRO),

———————

[1]The Honorable Clyde H. Hamilton, United States Circuit Judge for the Fourth Circuit, sitting by designation.

Mpls. Code Ord. § 139.01 et seq.; and a number of state law causes of action. He offers eleven grounds for reversal. Having reviewed the record and the district court's summary judgment order de novo, Mayer v. Nextel West Corp., 318 F.3d 803, 806 (8th Cir. 2003), we affirm the grant of summary judgment on the basis of the district court's opinion on all but Gonzalez's claims of disability discrimination brought under the MHRA and the MCRO and his allegations of negligent supervision and negligent retention. See 8th Cir. Rule 47B. As to the latter claims, we affirm but on grounds different from those relied upon by the district court.

The district court held that Gonzalez's allegations of disability discrimination under the MHRA and the MCRO were precluded by the WCA. See Dist. Ct. Order of June 13, 2003, at 16. Gonzalez has alleged that his disabilities arose from both non-work and work-related injuries, and the WCA does not disallow such independent claims under the MHRA and the MCRO. Karst v. F.C. Hayer Co., Inc., 447 N.W.2d 180, 184 (Minn. 1989) (noting that exclusive remedy provision of the WCA applies only to claims arising from work-related injuries). These disability discrimination claims fail, nevertheless, because Gonzalez has not provided any evidence tending to prove that he suffered an adverse employment action because of his alleged disability. This was the district court's determination with respect to Gonzalez's disability discrimination claims under the ADA and the WCA, see Dist. Ct. Order at 16-18, and we conclude that it applies equally to Gonzalez's claims under the MHRA and the MCRO. Sigurdson v. Isanti County, 386 N.W.2d 715, (Minn. 1986) (adopting the prima facie case requirement of McDonnell Douglas Corp. v. Green, 411 U.S. 792(1973), for claims brought under the MHRA).

The district court concluded that Gonzalez's negligent supervision and negligent retention claims were preempted by the MHRA. See Dist. Ct. Order at 20-21. The Minnesota Supreme Court has held, however, that the MHRA precludes only double recovery, not factually parallel claims. Vaughn v. Northwest Airlines, Inc., 558 N.W.2d 736, 744-45 (Minn. 1997) (holding that factually parallel causes of

action are not "mutually exclusive").  Gonzalez failed, however, to allege that his coworkers either threatened to physically injure him or that they actually did so, a prerequisite to recovery on such theories under Minnesota law.  Ponticas v. K.M.S. Investments, 331 N.W.2d 907, 910-11 (Minn. 1983); Bruchas v. Preventative Care, Inc., 553 N.W.2d 440, 443 (Minn. Ct. App. 1996).  We thus affirm the district court's grant of summary judgment on Gonzalez's negligent supervision and negligent retention claims on this alternative basis.

The judgment is affirmed.

_____