Arnold M. JOHNSON, Appellant,

v.

Shannon PETERSON, Defendant,

Bankers Life and Casualty Company,
et al., Respondents.

No. A06–1403.

Court of Appeals of Minnesota.

June 26, 2007.

George L. Duranske, III, Duranske Law Firm, Bemidji, MN, for appellant.

Bradley J. Betlach, David A. James, Halleland Lewis Nilan & Johnson, P.A., Minneapolis, MN, for respondents.

Considered and decided by STONEBURNER, Presiding Judge; DIETZEN, Judge; and WORKE, Judge.

## OPINION

DIETZEN, Judge.

Appellant challenges the district court's dismissal of his claims for negligent hiring, training, and supervision against respondents, the employer and supervisor of an employee who allegedly defrauded him. Because the district court properly applied the law, we affirm.

## FACTS

Appellant Arnold Johnson is a vulnerable adult as defined by Minn.Stat. § 609.232 (2006).[1] Defendant Shannon Peterson was an insurance agent for respondent Bankers Life and Casualty Company (Bankers). Respondent Richard Groom was responsible for training and supervising Peterson.

In 2003, Johnson brought an action against Peterson, alleging that she made false representations while employed as an insurance agent for Bankers to induce him to transfer $104,000 to her. The complaint alleged that Peterson represented that the money was to be used for medical emergencies that Peterson or members of her family faced and that it "was necessary because of her dire financial situation."

In January 2006, Johnson amended the complaint to join Bankers and Richard Groom, alleging negligent hiring, training, and supervision.[2] Along with economic damages, the complaint alleged that "as a result of the stress and anxiety of these events [Johnson] ha[d] developed medical complications including heart problems and anxiety related disorders."

Bankers moved for a judgment on the pleadings under Minn. R. Civ. P. 12.02(e) for failure to state a claim. Groom brought a similar motion. Bankers and Groom argued that Minnesota does not recognize a claim for negligent hiring or negligent supervision absent actual or threatened physical injury. Johnson opposed the motion for judgment on the pleadings. Following a hearing, the district court granted the motion. This appeal followed.

## ISSUE

Did the district court err by dismissing on the pleadings the claims of negligent

---

1. Because this is a review of a rule 12 motion to dismiss, we rely on the factual allegations set forth in the complaint.

2. Johnson's complaint does not allege that Bankers and Groom are vicariously liable for Peterson's actions through respondeat superior.

hiring, negligent training, and negligent supervision against respondents?

## ANALYSIS

■ Johnson argues that the district court erred by dismissing on the pleadings his claims against Bankers and Groom. We examine a dismissal under Minn. R. Civ. P. 12.02(e) de novo, to determine whether the complaint sets forth a legally sufficient claim for relief. *Bodah v. Lakeville Motor Express, Inc.*, 663 N.W.2d 550, 553 (Minn.2003). In doing so, we consider only the facts alleged in the complaint, accepting those facts as true and construing all reasonable inferences in favor of the nonmoving party. *Id; Marquette Nat'l Bank v. Norris*, 270 N.W.2d 290, 292 (Minn.1978). Rule 12.02(e) permits dismissal on the basis of "failure to state a claim upon which relief can be granted." This court "will not uphold a rule 12.02(e) dismissal 'if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded.'" *Radke v. County of Freeborn*, 694 N.W.2d 788, 793 (Minn.2005) (quoting *N. States Power Co. v. Franklin*, 265 Minn. 391, 395, 122 N.W.2d 26, 29 (1963)).

### A. Negligent Training

■ Johnson's complaint asserts, among other things, that Bankers and Groom "negligently failed to properly train" defendant Shannon Peterson. But current Minnesota law does not recognize a cause of action for negligent training. *See M.L. v. Magnuson*, 531 N.W.2d 849, 856 (Minn. App.1995) (identifying negligent hiring, negligent retention, and negligent supervision as the only causes of action "where a claimant sues an employer in negligence for injuries caused by one of its employees"), *review denied* (Minn. July 20, 1985). Therefore, as a matter of law, the dismiss-al of Johnson's negligent-training claim for failure to state a claim was proper.

### B. Negligent Supervision or Negligent Hiring

Johnson's complaint asserts that Bankers and Groom "negligently failed to properly screen Defendant Shannon Peterson for employment shortly before the theft from [Johnson], and failed to properly ... supervise Defendant Shannon Peterson, which said acts contributed to the embezzlement and theft of money from [Johnson]."

■ Negligent-supervision claims are premised on an employer's duty to control employees and prevent them from intentionally or negligently inflicting personal injury. *See Semrad v. Edina Realty, Inc.*, 493 N.W.2d 528, 534 (Minn.1992); Restatement (Second) of Torts § 317 (1965). The Restatement "unambiguously" limits an employer's duty to the prevention of bodily harm. *Semrad*, 493 N.W.2d at 534. Thus, it is well established that a viable negligent-supervision claim must allege physical injury. *See Bruchas v. Preventive Care, Inc.*, 553 N.W.2d 440, 443 (Minn. App.1996) (holding that physical injury, or apprehension of physical injury, is a required element of a claim for negligent supervision). Economic harm alone is not enough to support negligent-supervision actions. *Semrad*, 493 N.W.2d at 534; *see also Piper Jaffray Cos., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 967 F.Supp. 1148, 1157 (D.Minn.1997) (stating that Minnesota courts have made clear that the tort of negligent supervision may not be predicated solely on economic loss).

■ Negligent-hiring claims are likewise predicated on the fact that it should be foreseeable that an employee posed a threat of physical injury to others. *Ponticas v. K.M.S. Invs.*, 331 N.W.2d 907, 911 (Minn.1983). Negligent hiring does not

rely on the scope of employment, but rather on the "risks created by exposing members of the public to a potentially dangerous individual." *Yunker v. Honeywell, Inc.*, 496 N.W.2d 419, 422 (Minn.App.1993). Under this theory, liability for intentional torts is imposed when the employer knows or should have known that the employee was "violent or aggressive and might engage in injurious conduct." Id.

■■■ *Semrad, Bruchas,* and *Yunker* support our conclusion that a negligent hiring claim, like a negligent supervision claim, requires that the employer knew or should have known that the employee was violent or aggressive and might engage in injurious conduct. Economic injury is not sufficient. Our conclusion is supported by the underlying purpose of section 317 of the Restatement of Torts to "unambiguously limit[ ] the scope of section 317 to a duty to prevent an employee from inflicting personal injury upon a third person or to prevent the infliction of bodily harm by use or misuse of the employer's chattels." *Bruchas,* 553 N.W.2d at 443 (quotations omitted). Thus, a complaint for negligent hiring must allege that it was foreseeable either that the employee posed a threat of physical injury, or that the employee inflicted a physical injury.

■■■ In his complaint, Johnson alleged misconduct that was economic, that is, the "embezzlement and theft of money," and that "as a result of the stress and anxiety of these events [he] developed medical complications including heart problems and anxiety related disorders." Johnson did not allege that Peterson was "violent or aggressive and might engage in injurious conduct" and did not allege a physical injury or that Peterson posed a threat of a physical injury. The complaint only alleges emotional distress that may have caused

heart problems and anxiety disorders. But emotional distress is not a physical injury. *See, e.g. Ludwig v. Northwest Airlines, Inc.,* 98 F.Supp.2d 1057, 1072 (D.Minn.2000) (applying Minnesota law and concluding that appellant had "not alleged the type of injury necessary to maintain such claims, namely, bodily injury or the threat of bodily injury," despite allegations that she experienced emotional distress and resulting physical symptoms). Thus, the complaint fails to state a claim for which relief can be granted and dismissal was proper.

## DECISION

Because Minnesota does not recognize a claim for negligent training, that claim was properly dismissed. To set forth a legally sufficient claim for negligent hiring or negligent supervision, the complaint must allege actual physical injury or that the employee posed a threat of physical injury. A complaint that alleges employee misconduct that causes emotional distress but does not involve actual physical injury or that the employee posed a threat of physical injury, does not state a claim for which relief can be granted. Johnson's claims for negligent hiring and negligent supervision were properly dismissed.

**Affirmed.**