*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0207**

State of Minnesota,
Respondent,

vs.

Tiffaney Diane Hill,
Appellant.

**Filed January 19, 2016
Affirmed
Kirk, Judge**

Lac qui Parle County District Court
File No. 37-CR-14-137

Lori Swanson, Attorney General, Robert A. Plesha, Assistant Attorney General, St. Paul, Minnesota; and

Richard G. Stulz, Lac qui Parle County Attorney, Madison, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Michael W. Kunkel, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Stauber, Presiding Judge; Kirk, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KIRK**, Judge

Appellant Tiffaney Diane Hill challenges her conviction for felony violation of a harassment restraining order, arguing that the evidence was insufficient to support the conviction. We affirm.

**FACTS**

On June 19, 2014, the district court issued an ex parte harassment restraining order (HRO) prohibiting Hill from being within 300 feet of M.D.'s home, for two years. Hill was personally served with the order the next day.

In September 2014, Hill was charged with violating the HRO on June 30, within ten years of the first of two or more previous qualified domestic violence-related offense convictions, which is a felony. *See* Minn. Stat. § 609.748, subd. 6(d)(1) (Supp. 2013). Prior to her jury trial, Hill stipulated to the two prior convictions.

At trial, Hill admitted to driving past M.D.'s residence on June 30, and that she knew that the HRO prohibited her from being within 300 feet of the residence. She testified that, on that date, she did not understand that the HRO prohibited her from driving by M.D.'s residence. She thought it barred "hang[ing] out" within 300 feet of the residence. Hill also testified that she did not "understand what 300 feet was" on June 30, and that she asked two law enforcement officers to assist her with this, the first time prior to being charged.

A police officer investigated Hill's alleged violation of the HRO. She testified that each city block in Dawson is approximately 300 feet long, and to evidence showing that M.D.'s residence is within 300 feet from the street on which Hill was driving. The officer also testified that, on June 30, Hill stated that she thought the order prohibited her from "hanging out" within 300 feet of M.D.'s residence, and questioned how far 300 feet is.

The jury found Hill guilty. This appeal follows.

**D E C I S I O N**

In considering a claim of insufficient evidence, this court conducts a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the verdict, is sufficient to allow the jury to reach its verdict. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). We must assume that "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989). Ordinarily, this court will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004).

Convictions based upon circumstantial evidence merit "heightened scrutiny" on appeal. *State v. Al-Naseer*, 788 N.W.2d 469, 473 (Minn. 2010) (citation omitted). In these cases, the "[c]ircumstantial evidence must form a complete chain that, as a whole, leads so directly to the guilt of the defendant as to exclude beyond a reasonable doubt any reasonable inference other than guilt." *State v. Hanson*, 800 N.W.2d 618, 622 (Minn. 2011). A defendant's intent, as a state of mind, is generally proven circumstantially, "by drawing inferences from the defendant's words and actions in light of the totality of the circumstances." *State v. Cooper*, 561 N.W.2d 175, 179 (Minn. 1997).

The applicable portions of Minn. Stat. § 609.748, subd. 6 (2012 & Supp. 2013), provide:

> (a) A person who violates a restraining order issued under this section is subject to the penalties provided in paragraphs (b) to (d).

3

. . . .

> (d) A person is guilty of a felony . . . if the person violates the order:
>> (1) within ten years of the first of two or more previous qualified domestic violence-related offense convictions or adjudications of delinquency; . . . .

Prior to amendment in 2013, violation of Minn. Stat. § 609.748, subd. 6(d)(1), required a person to "knowingly" violate a harassment restraining order. *See* 2013 Minn. Laws ch. 47, § 4. The amendment omitted the term "knowingly." *Id.*

Prior to the amendment, in *State v. Gunderson*, 812 N.W.2d 156 (Minn. App. 2012), we made clear that to "knowingly" violate an HRO in violation of Minn. Stat. § 609.748, subd. 6(d)(1) (2008), a person must be aware that his specific conduct is prohibited by the HRO. *Id.* at 161. By omitting the term "knowingly" from the statute following *Gunderson*, the Minnesota Legislature plainly signaled that a person need not know that the HRO prohibits his conduct to violate Minn. Stat. § 609.748, subd. 6(d)(1). *See* Minn. Stat. § 609.02, subd. 9(1) (2012) ("When criminal intent is an element of a crime in this chapter, such intent is indicated by the term 'intentionally,' the phrase 'with intent to,' the phrase 'with intent that,' or some form of the verbs 'know' or 'believe.'"); *cf. Engquist v. Loyas*, 803 N.W.2d 400, 406 (Minn. 2011) (stating that, because the legislature did *not* amend the applicable statute in response to the supreme court's interpretation, "we assume that the [l]egislature has acquiesced in our interpretation").

Hill admits that the direct evidence proved that she intended to drive past M.D.'s home, but argues that the circumstantial evidence was insufficient to prove beyond a

4

reasonable doubt that she intended to be within 300 feet of M.D.'s residence. However, at the time of Hill's act, the statute did not require her to know that the HRO prohibited her specific conduct of driving by the residence. Minn. Stat. § 609.748, subd. 6(d)(1).

Hill suggests that the district court's jury instructions make such an intent or knowledge requirement "the law of the case," citing *Schunk v. Wieland*, 286 Minn. 368, 370, 176 N.W.2d 119, 121 (1970) (holding that jury instructions became the "law of the case" where the plaintiff neither requested instructions nor objected to the instructions given, and his motion for new trial failed to specify how the instructions were erroneous), and *United States v. Ausler*, 395 F.3d 918, 920 (8th Cir. 2005) (holding that an erroneous jury instruction, consistent with the indictment, became the "law of the case" for the purpose of reviewing defendant's sufficiency challenge because the government failed to object to the instruction at trial). Even assuming this caselaw would apply where an instruction added an intent element to a crime, the district court's jury instructions did not, in fact, add such a requirement.

Without objection, the district court instructed the jury that, in order to find that Hill violated the prohibition against being within 300 feet of M.D.'s home, it was necessary to find that she "committed the act prohibited by the order and intended to do the act prohibited by the order." This instruction correctly required the jury to find that Hill voluntarily drove her vehicle past M.D.'s residence. *See State v. Fleck*, 810 N.W.2d 303, 309 (Minn. 2012) (explaining that "regardless of whether an offense is described as a specific- or general-intent crime, a defendant must voluntarily do an act or voluntarily fail to perform an act") (quotation omitted); *see also State v. Kremer*, 262 Minn. 190, 192, 114

5

N.W.2d 88, 89 (1962) (explaining that no conviction could stand where the trier of fact found that the defendant "was unable to stop because the brakes on his car failed to operate; that he had experienced no prior brake trouble; and that he had no knowledge that his brakes were defective"); *Gunderson*, 812 N.W.2d at 164 (stating that the state needed to prove that "Gunderson intentionally entered" upon the applicable property to support a conviction for violating the HRO).

To prove that Hill committed a violation of the HRO in this case, where she stipulated to the two necessary previous convictions, the state needed to prove that: (1) there was an existing court order restraining Hill from harassing M.D.; (2) Hill violated the order by being within 300 feet of M.D.'s residence; (3) Hill knew of the order; and (4) Hill's act took place on or about June 30, 2014, in Lac qui Parle County. *See* Minn. Stat. § 609.748, subd. 6(d)(1); 10 *Minnesota Practice*, CRIMJIG 13.63 (Supp. 2012). At trial, Hill admitted that she knew of the existing order restraining her from being within 300 feet of M.D.'s residence and voluntarily drove directly past the residence on June 30. Based upon the officer's undisputed testimony, a jury could reasonably conclude that this act brought Hill well within 300 feet of M.D.'s residence. Therefore, when viewed in the light most favorable to the verdict, the direct evidence was sufficient to allow the jury to find each of the elements beyond a reasonable doubt and find Hill guilty. *See Webb*, 440 N.W.2d at 430.

**Affirmed.**